[Civil No. 4729. Filed December 17, 1945.]

[164 Pac. (2d) 456.]

GILLESPIE LAND AND IRRIGATION COMPANY, a Corporation, Appellant, v. JOHN C. JONES and ALLISON COKE JONES, His Wife, Appellees.

Mr. Louis B. Whitney, for Appellant.

Messrs. Armstrong & Spector, and Messrs. Wilson & Wilson, for Appellees.

BLAKE, Superior Judge.—Appellees recovered a judgment against Bernard A. Gillespie in the Superior Court of Maricopa County and thereafter writs of garnishment were issued out of said court, directed to various persons and corporations as garnishees, among whom was appellant, an Arizona corporation.

Supplemental proceedings were had on the writs of garnishment, which were dismissed as to all parties except appellant against whom appellees were given judgment on the issue in garnishment for the amount of the original Jones judgment. This appeal was taken by appellant from the judgment against it as garnishee.

Appellant in its brief states: The only issue to be determined by this court is: Was the garnishee indebted to defendant Gillespie at the time the writ of garnishment was served, or at the time the answer was filed?

And as bearing on this issue, appellant assigns as error certain findings of fact of the lower court, to-wit:

I. " . . . that B. A. Gillespie, since the year 1940, has been receiving from the Gillespie Land & Irrigation Company the sum of $12,000.00 per year . . . "

II. "9. The court further finds that there is no evidence of any indebtedness due to the Gillespie Land & Irrigation Company from B. A. Gillespie."

III. "10. The court does find that at the time of the conclusion of the hearing of this cause, to wit, January 29, 1944, the Gillespie Land & Irrigation Company was indebted to B. A. Gillespie in the sum of $12,000.00 for his salary for the year 1943."

IV. "From the foregoing facts, the Court concludes that the Plaintiffs, John C. Jones and Allison Coke Jones, his wife, are entitled to recover from the Gillespie Land & Irrigation Company, the full amount of their judgment on their garnishment against said Gillespie Land & Irrigation Company, together with costs which they have incurred in the prosecution of said cause of action."

If the lower court was correct in its findings of fact as set forth in the first three assignments of error, then it follows that the fourth assignment has no merit, as it is a conclusion based upon the first three findings of fact. If on the other hand, the Court erred in one or more of its findings of fact, then the fourth assignment would or may have merit.

It is contended by appellant that the court's finding that Gillespie has been receiving $12,000 per year from garnishee since the year 1940 is not supported by the evidence and is contrary thereto; and that the evidence conclusively shows from the books of said corporation that Gillespie was allowed and credited with a salary of $12,000 for each of the years 1940, 1941, and 1942 only, and no allowance for salary was made to him by the corporation garnishee for the year 1943.

From a careful reading of the record the evidence shows that prior to 1940 the minute records of the garnishee corporation were silent as to the allowance of any specified salary to Gillespie, although he had per-

sonally drawn from the corporation large amounts at various times at his will without specific authorization; that subsequently in the years 1940, 1941, and 1942 the records of the corporation show that he was specifically authorized a salary of $12,000. It appears that the subsequent salary authorizations were made on suggestion of the Company auditor for the purpose of reducing the amount of taxable income of the Company.

The record shows a resolution of the stockholders of the Company was passed in January, 1937, authorizing the Board of Directors to appoint a general manager to possess and exercise all the powers of the Board of Directors when said Board was not in session. On the same day there was a resolution of the Board of Directors appointing Gillespie General Manager, to have, exercise and possess all the powers of the Board of Directors of said corporation, when said Board be not in session. Thereafter in January, 1938, there was a resolution of the Board of Directors of said Corporation granting authority to Gillespie to sign all checks and drafts for and on behalf of said corporation without counter-signature, and further authorizing him to enter into any and all contracts necessary or convenient for the proper operation of the Company's business.

The evidence shows that all other officers of the corporation were nonresidents of the State of Arizona.

There is other evidence in the testimony of Gillespie to the effect that if he showed a good profit for the Company for 1943, they may vote him a salary; and that he had an idea it had made a profit. There is evidence to show that his estimated income tax return to the Federal Government included $12,000 for the year 1943 as salary from the Company. From this it is apparent that Gillespie alone had full authority to pay the salary for 1943 without consulting the other members of the Board of Directors, and that the intent to do so was consistent with his own testimony.

■■ There is evidence in the record to the effect that the Company operated without a profit prior to the year 1940, but that it operated with a profit subsequent to 1940. From the fact that Gillespie was paid a salary as president and general manager for the years 1940, 1941 and 1942, we believe that the law implies a promise to pay his salary for the year 1943. The rule is that where an employer accepts the services of an employee for any period of time, the law implies a promise to pay what such services are reasonably worth, unless it is understood that the services are to be rendered gratuitously, or unless they are rendered under circumstances which repel the presumption. *Dey* v. *Quinn*, 21 Ariz. 265, 187 Pac. 578. We fail to find in the record any gratuitous intent or presumption. Neither do we find any change in the circumstances of the corporation for the year 1943 or change in position or salary of its president and general manager.

The second assignment of error raises the question of the sufficiency of evidence to support the finding that there was no indebtedness from Gillespie to garnishee. In support of this assignment appellant contends that there was no allowance for salary for Gillespie for the year 1943 by resolution or order of the Board of Directors, or other officer of the Company, but the evidence does show that he was in fact indebted to the Company at the time the writ of garnishment was served.

■ As shown by the record, the basic evidence of indebtedness from Gillespie to garnishee Company is to be found in the audit report as of December 31, 1940, which was received in evidence in the case. This audit report was taken from the books and records of the corporation prior to December 31, 1940. The evidence is conclusive that the books and records from which this audit report was made were destroyed, and that they were not and could not be furnished to the Court.

They being the records from which the audit was made, the court took the view that the audit was not admissible in evidence without the records and reports from which the audit was taken, and the court thereafter struck the audit report from the record. The appellant did not raise the issue in the lower court and has not raised the question in this court that the lower court erred in striking the audit report from the record. We are, therefore, not at liberty to consider or determine the court's ruling on this question. This leaves little or no evidence of indebtedness from Gillespie to the appellant. It is true that on the corporation ledger, in evidence, appears an account receivable from him to the Company, but this entry was taken from the audit report and is not independent evidence of indebtedness.

■ The mere fact of the failure of the Board of Directors or other officer of the corporation to make an order of allowance of salary for that year alone is not determinative of the question. There is at least some inference to the effect that the books of account prior to 1941 had not been kept in accordance with sound accounting principles and that there had been false entries. There is ample evidence to reasonably sustain the court's finding that appellant was indebted to Gillespie in the sum of appellee's judgment.

■ The findings of a trial court are binding on the Supreme Court if the evidence is such that it reasonably sustains them. *Cracchiolo et ux.* v. *Carlucci et al.* (Ariz.) 157 Pac. (2d) 352. It is true that the evidence is perhaps conflicting, but the lower court heard the witnesses and had an opportunity to judge the credibility of the witnesses. Rule 52(a) Civil Procedure (21–1028, Arizona Code Annotated 1939) provides:

" . . . Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the

opportunity of the trial court to judge of the credibility of the witnesses. . . . ''

This rule has been interpreted as follows: Findings of fact by the court should not be disturbed on appeal when the evidence is conflicting and the credibility of the witness is involved, unless it appears that the trial judge was clearly wrong. *Malloy* v. *New York Life Ins. Co.,* 1 Cir., 103 Fed. (2d) 439; *Anglo California Nat. Bank* v. *Lazard,* 9 Cir., 106 Fed. (2d) 693. On appeal all reasonable inferences which may be drawn from the evidence supporting the judgment will be drawn. The rule is stated in *Stewart* v. *Schnepf* (Ariz.), 158 Pac. (2d) 529.

The third assignment of error will be determined by the answer to the question: Was the court's finding of indebtedness as of the date of the conclusion of the hearing of this cause, January 29, 1944, correct, or should it have been as of the date of the service of the writ of garnishment, December 8, 1943? The appellant contends that it was error for the court to find that indebtedness existed at the time of the conclusion of the hearing between the Company and Gillespie.

Section 25–204, Arizona Code Annotated 1939, provides that the answer of the garnishee should state ''what, if anything, he is indebted to the defendant, and was when such writ was served.'' Section 25–207, Arizona Code Annotated 1939, provides ''From and after the service of such writ of garnishment, the garnishee shall not pay to the defendant any debt.'' It goes without saying that garnishee could not pay such debt to any other person. Section 25–212 provides:

''Should it appear from the answer of the garnishee, or otherwise, that the garnishee is indebted to the defendant, in any amount, or was so indebted when the writ was served, the court shall render judgment for the plaintiff against garnishee . . . .''

■ From the above it is evident and conclusive that from the date of service of the writ of garnishment any amount due or found to be due from the garnishee to the defendant is in control of the court and held by the court in abeyance until the hearing has been concluded, and cannot be paid to any person except on judgment of the court.

■ It then follows that any amount found to be due from garnishee on the date of service of the writ of garnishment was still due at the conclusion of the hearing and on the date of judgment. This is not a case wherein the court is attempting to reach salary which was earned by the debtor after the date of service of writ of garnishment. The garnishment was served on December 8, 1943. As we have seen, the judgment of the court was predicated upon the evidence that for the year 1943 there was due Gillespie $12,000. It is obvious that practically the whole amount of the salary had been earned and was due on the date of service of the writ. In any event, the company was indebted to Gillespie in an amount more than sufficient to cover appellees' judgment. Therefore, if technical error were committed in finding as of the date of judgment instead of the date of service of writ, it could in no way prejudice the rights or affect the appellee herein. Such being the case, this court will not set aside the order of the lower court. We treat the finding as determining the amount due at date of service.

Having determined the first three assignments of error to be without merit, the fourth assignment needs no further discussion.

The appellees made cross assignments of error to the effect that the lower court erred in failing to find the proper elements of *alter ego,* and that Gillespie was the *alter ego* of the Company.

Authorities have held that in the absence of statute or rule of court, an appellee or defendant in error can-

not make a cross assignment of error without having made a cross appeal. Other authorities have ruled that a cross assignment of error without an appeal can be used only for the purpose of defending and upholding the judgment. 4 C. J. S. Appeal and Error, p. 1818, § 1299.

This court has considered cross assignments of error in the absence of an appeal by appellee, and has refused to consider argument in his brief that error was committed to his prejudice when he has not assigned error, where it is not fundamental. *Webb Const.* v. *Crane Co.,* 52 Ariz. 299, 80 Pac. (2d) 698.

We believe the rule to be that a cross assignment of error, in the absence of a cross· appeal, could be considered only in support of the judgment. *Decorso* v. *Thomas,* 89 Utah 160, 50 Pac. (2d) 951. This rule is consistent with the previous decisions of this court.

Since we have upheld the judgment of the lower court, it is not necessary to consider any matters raised by the cross assignments.

The judgment of the lower court is affirmed.

STANFORD, C. J., and MORGAN, J., concur.

NOTE: Judge ARTHUR T. LaPRADE being disqualified, the Honorable BENJAMIN BLAKE of the Superior Court of Graham County was called to sit in his stead.