461 P.2d 77

NAVAJO COUNTY, Mohave County, Apache County, Coconino County, and Yavapai County, Petitioners,

v.

SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA and Morris Rozar, Judge thereof; and Four Corners Pipe Line Company, a corporation, Respondents.

No. 9781–PR.

Supreme Court of Arizona.

In Banc.

Nov. 12, 1969.

Rehearing Denied Dec. 23, 1969.
Supplemental Opinion, see 462 P.2d 797.

Gary K. Nelson, Atty. Gen., James D. Winter, Asst. Atty. Gen., John F. Taylor, Navajo County Atty., Leonard C. Langford, Mohave County Atty., J. Kendall Hansen, Apache County Atty., Michael J. Flournoy, Coconino County Atty., Thelton D. Beck, Yavapai County Atty., for petitioners.

Ryley, Carlock & Ralston, by George R. Carlock and Joseph P. Ralston, Phoenix, for respondent Four Corners Pipe Line Co.

McFARLAND, Justice.

On May 12, 1969, the Superior Court of Maricopa County rendered judgment in favor of Four Corners Pipe Line Company, hereinafter referred to as Four Corners, and against several Arizona counties, hereinafter referred to as The Counties, for a refund of excessive property taxes paid by Four Corners. Notice of Appeal was filed by The Counties on June 18.

On July 9, Four Corners applied to the Superior Court of Maricopa County for a Writ of Mandamus directing the county treasurer of each of The Counties to pay the judgment and directing each member of the Board of Supervisors of each of The Counties to take all action necessary or appropriate to include the amount of the judgment in the budget of The Counties for the fiscal year beginning July 1, 1969; the Writ was granted on July 22.

The next day The Counties filed an application with the Court of Appeals for an Alternative Writ of Prohibition enjoining the Superior Court of Maricopa County and Four Corners from taking any further proceedings in the case until final disposition of The Counties' appeal. The Court of Appeals dismissed The Counties' Application for an Alternative Writ of Prohibition on August 1, and on September 2, the Court of Appeals denied The Counties' Motion for Rehearing. Three days thereafter The Counties filed a Petition for Review pursuant to Rule 47(b), Rules of the Supreme Court, 17 A.R.S., which we have accepted. Order of dismissal by the Court of Appeals vacated.

The determination of the question before us—whether Four Corners' Petition to the Superior Court for a Writ of Mandamus was properly granted—is governed by the interpretation of § 42–147, A.R.S., which reads as follows:

"A. The superior court shall hear the appeal within ninety days after the appeal is docketed, with or without a jury, unless both parties file a written agreement with the court for a postponement.

"B. At the hearing both parties may present evidence of any matters that relate to the full cash value of the property in question as of the date of its assessment. The valuation as approved by the state board shall be presumed to be correct and lawful.

"C. If the court finds that the valuation is excessive, the court shall find the full cash value of the property and render judgment for appellant and against the county in an amount equal to the overpayment of taxes made by appellant. The judgment shall be paid by the county treasurer of the county in which the property is located out of sums collected from property taxes during the next fiscal year, and such amount shall then be subtracted from the sums due to the state and other political subdivisions in proportion to the amount each received from the overpayment of taxes made by appellant.

The state and any political subdivision affected by the judgment shall include the proportional amount of the judgment for which each is liable in its budget for the next fiscal year. Any increase in the budget because of the portion of the judgment being included therein shall not be subject to any budget limitation as may be provided by law. If the court finds the valuation as approved by the state board represents the full cash value of the property, the action shall be dismissed with costs against appellant. If the court finds the valuation as approved by the state board is below the full cash value of the property, the judgment shall be for the county and against appellant for the costs of the appeal and the taxes due on the property as if the property had been placed on the roll at its full cash value.

"D. The judgment shall be a lien upon the real and personal property of appellant with like effect as though the assessment had originally been in the amount of the judgment, and execution may issue upon the judgment.

"E. The clerk of the court shall transmit the judgment to the clerk of the board of supervisors and to the state board. The board of supervisors shall, within fifteen days after receipt of the judgment, unless appeal is taken as provided under the rules of civil procedure, correct the rolls in accordance with the judgment of the court.

"F. In any action on appeal, where property was assessed by the department of property valuation and is located in more than one county, the venue of the action shall be Maricopa county unless stipulated in writing by all parties to the action. Added Laws 1967, Ch. 107, § 5, as amended Laws 1967, 2nd S.S., Ch. 1 § 1; Laws 1969, Ch. 122, § 3."

The Counties contend that the members of the Board of Supervisors of each of The Counties do not have a duty to budget for the judgment at this time and that the Treasurers of The Counties do

not have a duty to pay such judgment at this time. We agree with the contention of The Counties.

Sec. 11–491, A.R.S., provides that the county treasurer shall not disburse money belonging to the county of which he is treasurer except as provided by law:

"The treasurer shall keep all money belonging to the state, or to the county, in his possession until disbursed according to law. He shall not place it in the possession of any person to be used for any purpose, or lend, or in any manner use, or permit any person to use, such money except as provided by law."

Sec. 11–493, A.R.S., provides, in part:

"The county treasurer shall:

\* \* \* \* \* \*

"5. Disburse the county money only on county warrants issued by the board of supervisors, signed by the chairman and clerk of the board, or as provided by law."

■ There is no authority in § 42–147, A.R.S., supra, for a county treasurer to disburse money by any different means than by county warrants issued by the Board of Supervisors, as specifically provided in § 11–493, supra. Sec. 42–147, A.R.S., reads, in part, as follows:

" \* \* \* The judgment shall be paid by the county treasurer of the county in which the property is located out of sums collected from property taxes during the next fiscal year, \* \* \*."

The source or particular fund from which the judgment will be paid is specified in § 42–147, and no authority is granted to the county treasurer to disburse money without a county warrant issued by the Board of Supervisors.

We held in County of Maricopa v. Hodgin, 46 Ariz. 247, 50 P.2d 15, 101 A.L.R. 793, that the Superior Court could not direct the County Treasurer to immediately pay a judgment running against the county in favor of the taxpayer for the amount of taxes wrongfully levied, since the judgment was payable only on county warrants as is any other county debt. Although the statute has been amended since the decision in Hodgin, supra, the amendment did not grant additional authority to the treasurer. We specifically held:

"When a judgment is rendered against a county, it is the duty of the board of supervisors to apply funds in the treasury of the county not otherwise appropriated to its payment, or, if there are no such funds, it is its duty to budget the judgment as a county expense and levy a tax to pay it. \* \* \* The statutes give the court no power or authority to direct its payment by the county treasurer. Obedience to such an order by the county treasurer would be a violation of a positive statute, for he may: '5. Disburse the county money only on county warrants, issued by the board of supervisors, signed by the chairman and clerk of such board, or as provided by law.' Subdivision 5, § 864, Rev.Code 1928."

County of Maricopa v. Hodgin, supra, in construing the authority of the County Treasurer for payment of judgments, makes the duty of the County Treasurer plain under § 11–491 and § 11–493, A.R.S. We therefore hold that the treasurer may only disburse funds, in paying a judgment pursuant to § 42–147, A.R.S., on a county warrant issued by the Board of Supervisors.

We are next presented with the question as to whether subsec. E, § 42–147, A.R.S., supra, requires that the Board of Supervisors has the duty to budget for the judgment against The Counties at this time. Subsection E provides that the Board of Supervisors shall correct the rolls within fifteen (15) days of receipt of the judgment, UNLESS AN APPEAL IS TAKEN IN ACCORDANCE WITH THE RULES OF CIVIL PROCEDURE. It is the obvious intent of the legislature, by the very words used in the statute—UNLESS AN APPEAL IS TAKEN IN ACCORDANCE WITH THE RULES OF CIVIL PROCEDURE—that a correction of the rolls by the Board of Supervisors await a deci-

sion of the appellate court when an appeal from a judgment of the Superior Court is taken. In accordance with Rule 73, Rules of Civil Procedure, 16 A.R.S., either party has sixty days in which to file notice of appeal. The Board of Supervisors in a given case, unless an appeal is taken before the termination of the sixty days, cannot know whether an appeal is taken pursuant to the Rules of Civil Procedure (i. e., Rule 73) until the expiration of the 60-day period. In the instant case the notice of appeal was filed thirty-seven days after the entry of judgment.

Since § 42–147, A.R.S., permits an appeal "under the rules of civil procedure," which allows an appeal within sixty days of the judgment (Rule 73, supra), and no bond is required by the state to stay the execution, the time for the clerk to transmit the judgment to the Board of Supervisors and the state board [of equalization] is thereby fixed as the date that notice of appeal is filed, or if no appeal is taken, the date when the time for filing a notice of appeal has expired. Where a notice of appeal is filed by the state, as in the instant case, it is the duty of the clerk to transmit the notice of appeal, together with the judgment, as it is in effect a stay of execution of the judgment.

Four Corners in its argument refers to Arizona's Rules of Civil Procedure for staying a judgment on appeal. However, Rule 62(d), (e) and (g) are overlooked in the argument. The Rule provides as follows:

"62(d) Stay upon appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this Rule. The bond may be given at or after the time of filing the notice of appeal. *The stay is effective when the supersedeas bond is is approved by the court and filed.*

"62(e) Effect of stay. *When a supersedeas bond approved by the court is filed, the execution of the judgment or order appealed from and all further proceedings*

*thereon shall be stayed,* and if execution has been issued, the clerk shall forthwith give notice to the sheriff recalling the execution and no further proceedings shall be had on the judgment or order. [Emphasis added.]

\*     \*     \*     \*     \*     \*

"62(g) Stay in favor of the state or agency thereof. When an appeal is taken by the state or an officer or agency thereof or by direction of any department of the state and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant."

The source of Rule 62(d), supra, is Federal Rule 62(d), which has been interpreted by the Federal Courts as follows:

"The stay issues as a matter of right in cases within the rule, *and is effective when the supersedeas is approved by the court.*" [Emphasis added.] Vol. 3 Barron & Holtzoff (Rev. by Wright) Federal Practice and Procedure (Civil), § 1374.

Since no supersedeas bond is required under Rule 62(g), supra, when an appeal is taken by the state or an agency thereof, there is nothing to be approved by the court. The appeal is perfected upon the filing of notice thereof; and the state is entitled to the same rights as an individual giving a bond.

The Arizona Rules of Civil Procedure are therefore in accord with the provisions of § 42–147, subsec. E, supra. The statutory provision definitely makes it the duty of the Board of Supervisors to correct the rolls in accordance with the judgment of the court, but by the provision "unless an appeal is taken" an exception is made to that duty, thereby providing a stay of execution pending appeal.

This duty of the Board of Supervisors, as defined in § 42–147, subsec. E, supra, is consistent with the policy of the State of Arizona that persons contesting the imposition of property taxes shall have paid their taxes under protest before appealing to the courts. State Tax Comm. v. Su-

perior Court, 104 Ariz. 166, 450 P.2d 103; § 42–146, A.R.S. An unnecessary expense to the taxpayers of the entire state would result if the rolls were corrected and property re-assessed at this time and later the appellate court were to enter a judgment different from that of the superior court; such a result would require still another correction of the rolls and a further re-assessment of the property.

It is ordered that the decision of the Court of Appeals dismissing The Counties' Application for a Writ of Prohibition be vacated; and it is further ordered that the Writ of Mandamus granted by the Superior Court be vacated; and the Superior Court of Maricopa County and Four Corners be enjoined from taking any further proceedings in the matter until receipt of the mandate from the appeal.

UDALL, C. J., LOCKWOOD, V. C. J., and HAYS, J., concur.

STRUCKMEYER, J., having disqualified himself, did not participate in consideration of this opinion.