462 P.2d 797

NAVAJO COUNTY, Mohave County, Apache County, Coconino County, and Yavapai County, Petitioners,

v.

SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA and Morris Rozar, Judge thereof; and Four Corners Pipe Line Company, a corporation, Respondents.

No. 9781–PR.

Supreme Court of Arizona.

In Banc.

Dec. 29, 1969.

Gary K. Nelson, Atty. Gen., James D. Winter, Asst. Atty. Gen., John F. Taylor, Navajo Co. Atty., Leonard C. Langford, Mohave Co. Atty., J. Kendall Hansen, Apache Co. Atty., Michael J. Flournoy, Coconino Co. Atty., Thelton D. Beck, Yavapai Co. Atty., for petitioners.

Ryley, Carlock & Ralston, by George R. Carlock and Joseph P. Ralston and Francis J. Ryley, Phoenix, for respondent Four Corners Pipe Line Co.

McFARLAND, Justice:

The respondent, Four Corners Pipe Line Company, filed a petition for rehearing of our decision reported in 105 Ariz. 156, 461 P.2d 77 [filed Nov. 12, 1969]. The petition is in effect a request for clarification of the term "next fiscal year." Respondent states:

"In the decision as to which this rehearing is sought, this Court held in effect that the term 'next fiscal year' in ARS 42–147C referred to the fiscal year following the fiscal year during which the case was finally disposed of on appeal if there was an appeal, or following the fiscal year in which the appeal period expired if there was no appeal.

"This respondent does not by this motion ask this Court to reverse that holding."

We held in our original opinion that a supersedeas bond was not required under Rule 62(g), Rules of Civil Procedure, 16 A.R.S., when an appeal is taken from the state or an agency thereof, and that it is perfected upon the filing of the notice thereof—that the perfection of the appeal had the effect of staying the execution until the return of the mandate from the appeal. The final judgment, where an appeal is taken, is upon the return of the mandate. Therefore, pursuant to § 42–147, subsec. C, where it is adjudged that taxpayer's property has been valued at a figure that is higher than its true cash value, and judgment for the recovery of the excess taxes has been entered, the taxpayer is entitled to have the funds for the payment of the judgment included in the county's budget for the next fiscal year following that in which the appeal period expires, if there is no appeal, or in which a judgment is entered following the return of the mandate after disposal of the appeal.

As we held in our original opinion all proceedings are stayed for the collection of the excess taxes pending the disposal of the appeal and return of the mandate.

Rehearing denied.

UDALL, C. J., LOCKWOOD, V. C. J., and HAYS, J., concur.

STRUCKMEYER, J., having disqualified himself, did not participate in consideration of this opinion.