470 P.2d 496

NAVAJO COUNTY, Arizona, Mohave County, Arizona, Apache County, Arizona, Coconino County, Arizona, Yavapai County, Arizona, and State Department of Property Valuation, Appellants,

v.

FOUR CORNERS PIPE LINE COMPANY, Appellee.

No. I CA–CIV 1159.

Court of Appeals of Arizona,
Division 1,
Department A.

June 9, 1970.

Rehearing Denied July 20, 1970.
Review Granted Sept. 29, 1970.

Gary K. Nelson, Atty. Gen., by James D. Winter, Asst. Atty. Gen., Phoenix, for appellants.

Ryley, Carlock & Ralston, by George Read Carlock, and William F. Wilder, Phoenix, for appellee.

DONOFRIO, Presiding Judge.

This is an appeal by five Arizona counties and the State Department of Property Valuation from an adverse judgment which awarded the plaintiff, Four Corners Pipe Line Company, stated sums against each of the counties out of taxes which had been paid under protest. Certain phases of this litigation have been considered by the Arizona Supreme Court. Navajo County v. Superior Court, 105 Ariz. 156, 461 P.2d 77 (1969); Navajo County v. Superior Court, Maricopa County, 105 Ariz. 248, 462 P.2d 797 (1969).

The judgment with which we are here concerned was the result of five independent property valuation tax appeals brought by the appellee Four Corners after payment pursuant to the provisions of A.R.S. § 42–146. The appeals were filed in the

Superior Courts of Navajo, Mohave, Coconino, Apache and Yavapai counties. They were then transferred and consolidated for trial before the Superior Court of Maricopa County, Division 16, the Honorable Morris Rozar, judge. After a lengthy trial before the court, judgment was rendered against the appellants.

The sole issue before us is the validity of the 1968 valuation, for ad valorem tax purposes, of the Arizona portion of the pipeline owned by the appellee, Four Corners.

It was the position of the appellants at the trial that the full cash value of the Four Corners pipeline located within the boundaries of Arizona was $19,799,985. Four Corners, on the other hand, contended that the value of the property was $8,141,128. The trial court determined that the latter amount was the correct valuation.

The pipeline involved is sixteen inches in diameter and carries crude oil from oil fields in the "Four Corners" area (northeastern Arizona, southeastern Utah, southwestern Colorado, and northwestern New Mexico) to the Los Angeles area of Southern California. The Arizona portion represents 45.4% of the value of the pipeline which, when completed in 1958, cost $45,000,000.

The Director of the Department of Property Valuation must annually determine the full cash value of all pipelines within the State. A.R.S. § 42–124.01. Full cash value is defined by A.R.S. § 42–201, subsec. 7:

"'Full cash value' for property tax purposes is synonymous with market value which means that estimate of value that is derived annually by the use of standard appraisal methods and techniques."

The appellants contend that under the statutory definition, supra, the method used by Four Corners for determining valuation, denominated by the appellants as the "wasting assets" method, is insufficient as evidence of the value of a crude oil pipeline system and that therefore no evidence was presented to the trial court upon which the court could reach a proper adjudication of the full cash value of the Arizona portion of the pipeline for the year 1968.

One of our first questions involves the burden and sufficiency of the evidence.

Under A.R.S. § 42–147, subsec. B, a valuation of the State Board of Property Tax Appeals is presumed correct:

"At the hearing both parties may present evidence of any matters that relate to the full cash value of the property in question as of the date of its assessment. The valuation as approved by the state board shall be presumed to be correct and lawful."

In State Tax Commission v. Phelps Dodge Corp., 62 Ariz. 320, 157 P.2d 693 (1945) the Arizona Supreme Court in interpreting the substantially similar predecessor to A.R.S. § 42–147, subsec. B, A.C.A.1939, § 73–110, stated:

"The presumption, although declared by statute, is one of fact, and may be rebutted and overcome by the evidence * * *. If this were not true, the provisions of the statute authorizing the Superior Court to hear 'evidence of any matters that relate to the full cash value of the property' * * * would be meaningless * * *." 62 Ariz. at 330, 157 P.2d at 697.

It is the position of Four Corners that when it introduced evidence contrary to the State's valuation, the presumption disappeared and the case became one to be received by the trier of fact as if no presumption had ever existed.

The appellants, however, contend that the evidence presented by the appellee in the trial court was too speculative to be competent as evidence. They are of the opinion that because there was, in their view, no competent evidence presented, the presumption of the correctness of the higher valuation should stand. We cannot agree.

The question to be decided is a narrow one, namely, whether the evidence reflect-

ed in the trial court's finding was competent to support the judgment.

The trial lasted twelve days, with the receipt in evidence of eighty-seven exhibits bearing on valuation. The appellee offered testimony of several expert witnesses in the areas of real estate and non-real estate property appraisal and petroleum geology. Appellants presented their own expert witnesses in these areas.

The testimony of two of appellee's witnesses, Mr. Larry Burke, M.A.I., a Phoenix real estate appraiser, and Mr. Sidney Blaxill, a general partner in a New York investment banking firm, indicated the existence of three standard appraisal methods for the estimation of value of property. These are: the income approach, the cost approach, and the market data or comparable sales approach.

Briefly, the three aforementioned valuation theories were defined at the trial as follows:

1. Income: the value of the present expectation of receiving income from the property in the future.

2. Cost: the cost of reproducing or replacing the property, less depreciation.

3. Comparable sales: comparable sales of similar properties.

It was asserted by both Burke and Blaxill that the income approach is best suited for the valuation of the Four Corners pipeline. This they urged is true because the cost approach is inapplicable where, as here, the property concerned is not new. They further argued that the comparable sales or market data approach is useless where there have been no comparable sales of similar properties as in the instant situation. These witnesses explained that in the case of an asset producing income which has a foreseeable date of termination, the proper technique to use in applying the income approach is to determine the present worth of each of the remaining years of the economic life of the asset. Such a technique was asserted to be applicable in establishing tax valuation of the

pipeline because testimony of the petroleum geologist witnesses taken as a whole indicated depletion of oil resources in the Four Corners area.

The appellants, through their witnesses' testimony on the subject of depletion sought to show that placing a termination date on oil reserves is highly speculative due to the fugitive nature of oil deposits. The petroleum geologists who appeared for Four Corners, testified that the rate of depletion could be determined with a reasonable degree of certainty.

One of the appellants' witnesses, Mr. H. Clyde Reeves, an executive vice president of the University of Alabama for Huntsville Affairs, and a man with experience in the valuation of oil pipelines, indicated on cross-examination that the "wasting assets" and the income approaches to valuation are substantially similar. Although he would not concede that the foregoing terms are synonymous, his testimony did indicate that the method which he described as the "wasting assets" approach recognizes "the present value of future income, allowing for recovery of capital."

Although Reeves used mining properties as the primary examples of assets to which the income or wasting assets method of valuation could be applied, his testimony on cross-examination conveyed the impression that other applications of that method would also be proper.

■■■ Evidence offered by both the appellee and the appellants was to the effect that future income from the pipeline could be the subject of a reasonable estimate. In light of the introduction of this evidence, the appellants' assertion on appeal that the evidence is of no effect appears inconsistent when considered in conjunction with the well-established Arizona rule that a case may not be tried on one theory of law in the trial court and upon another theory on appeal. Shell Oil Co., Inc. v. Brazee, 51 Ariz. 143, 75 P.2d 45 (1938); Tevis v. Ryan, 13 Ariz. 120, 108 P. 461 (1910), aff'd, 233 U.S. 273, 34 S.Ct. 481, 58 L.Ed. 957 (1914).

Appellants correctly point out that the valuation formula used by Four Corners has long been recognized by the Arizona Supreme Court as a standard method for the valuation of mining properties for tax purposes. State Tax Com. of Arizona v. United Verde Extension Min. Co., 39 Ariz. 136, 4 P.2d 395 (1931); State Tax Com. of Arizona v. Magma Copper Co., 41 Ariz. 97, 15 P.2d 961 (1932); State Tax Com. v. Phelps Dodge Corp., supra. No Arizona court has, however, approved the use of the income or wasting assets approach to the tax valuation of property other than mines. It is primarily upon that basis that the appellants seek to overturn the judgment of the trial court in this case, the contention of the appellants being that no evidence exists in the record to support the trial court's determination of valuation.

We conclude that, on the contrary, there was sufficient evidence to support the trial court's judgment. Though the conclusions drawn from the evidence by reasonable men might differ in this case, it is not our function to disturb the findings of the trial judge when there is evidence to support his findings. American Credit Bureau, Inc. v. Bel-Aire Interiors, Inc., 105 Ariz. 590, 469 P.2d 75 (filed May 14, 1970); Gillespie Land & Irrigation Co. v. Jones, 63 Ariz. 535, 164 P.2d 456 (1945).

Our Supreme Court has said:

"It is * * * well established, that findings of fact made by a trial court will not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Rule 52(a) Rules of Civil Procedure; Mollohan v. Christy, 80 Ariz. 141, 294 P.2d 375 (1956); Gillespie Land & Irrigation Co. v. Jones, 63 Ariz. 535, 164 P. 2d 456 (1945) * * *" Rossi v. Stewart, 90 Ariz. 207, 209, 367 P.2d 242, 244 (1961).

■ Four Corners was able to overcome the statutory presumption of the correctness of the State Board of Property Tax Appeals' valuation by the introduction of evidence relating to the full cash value of the pipeline. We hold that the trial court's valuation was supported by the evidence.

■ The appellants further contend that even if the trial court's valuation is upheld, the appellee is not entitled to recovery of the costs awarded under the trial court's judgment.

A.R.S. § 42–147, subsec. C provides, in part, for the taxing of costs against a taxpayer-appellant:

"* * * If the court finds the valuation as approved by the state board represents the full cash value of the property, the action shall be dismissed with costs against appellant. * * *"

The appellants would apply the doctrine of statutory construction, *expressio unius est exclusio alterius*, in interpreting A.R.S. § 42–147, subsec. C, supra, their theory being that because the statute includes no provision either allowing or prohibiting recovery of costs by the taxpayer, yet does provide for recovery of costs by a county, the usual rule as to costs cannot be followed. The usual rule is defined by A.R.S. § 12–341 as follows:

"The successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law."

Under Rule 54(f), Rules of Civil Procedure, 16 A.R.S., and A.R.S. § 12–345, according to ample case authority, the state can be taxed with costs. Hammons v. Waite, 30 Ariz. 392, 247 P. 799 (1926); Graham County v. Cochran, 27 Ariz. 136, 230 P. 1112 (1924); Bodine v. Lightning Moving and Warehouse Co., 5 Ariz.App. 84, 423 P.2d 359 (1967).

We are unable to sustain the appellants' arguments in this regard. The trial court was correct in allowing Four Corners the recovery of its costs.

Affirmed.

STEVENS and CAMERON, JJ., concur.