474 P.2d 1006

Deonarine W. GANGADEAN and Vishnudevi Gangadean, his wife, Appellants,

v.

FLORI INVESTMENT COMPANY, an Arizona corporation, Appellee.

No. 10034–PR.

Supreme Court of Arizona, In Banc.

Oct. 2, 1970.

Hash, Cantor & Tomanek, Phoenix, for appellants.

Laney, Randolph, Warner & Angle, by Jerry Angle and Charles R. Hallam, Phoenix, for appellee.

HAYS, Justice.

This cause is before us on a petition to review a decision of the Court of Appeals, Division One, Gangadean v. Flori Investment Co., 11 Ariz.App. 512, 466 P.2d 63 (1970), which affirmed a judgment for the plaintiff in the Superior Court of Maricopa County. The opinion of the Court of Appeals is vacated.

In September, 1964, the defendants applied for a $100,000.00 loan from the plaintiff. Negotiations were had between William Keim, secretary of the plaintiff, and defendant Deonarine W. Gangadean. The loan was granted to defendant Dewan's Beauty Products Co., Inc. (hereinafter referred to as the corporation). On November 2, 1964, the corporation executed its promissory note for $100,000.00 due two

years hence and which provided for interest at the rate of 8% per annum. Further, the corporation agreed to pay a subsidiary of the plaintiff an additional $6,236.00 at the time the funds were disbursed which, when added to the 8% note, resulted in a true interest rate of approximately 11% per annum. The individual defendants executed a Guaranty Agreement whereby they personally guaranteed the note executed by the corporation. They also executed a first mortgage on real property owned by them individually.

An escrow was established to facilitate the transaction, the defendants delivered to the escrow agent the note of the corporation, a corporate resolution authorizing the debt[1] and a certificate of indebtedness indicating that the amount of the loan did not exceed the authorized corporate indebtedness. The corporation signed escrow instructions authorizing the escrow agent to use part of the loan proceeds to pay off the existing liens against the real property so that the plaintiff's mortgage would constitute a first lien. These instructions also provided that the escrow agent was to disburse the remaining proceeds to the corporation; however, the funds were actually paid to the defendant Deonarine W. Gangadean personally.

On September 29, 1966, prior to the maturity date of the note, the corporation was granted an extension of one year and, as consideration therefore, agreed to pay an additional sum of $3,750.00 which, when added to the 8% note, resulted in a true interest rate of 11¾% per annum. The corporation executed a resolution authorizing the extension and the payment of the additional sum. The defendants personally agreed to this extension.

The corporation eventually defaulted on the note and this suit followed to recover the amounts due. In the answer, the defendants admitted the validity of the note but sought to have the principal reduced by the amount of the interest paid on the ground that the parties intended to make the loan to the individual defendants which caused the loan to be usurious because the interest charged exceeded the rate that could have been lawfully charged to individuals. The trial was reduced to one issue of fact which was stipulated to by counsel and which reads as follows from the Pre-trial Statement:

"[W]hether or not the intention of the parties was to make a loan to the individual defendants GANGADEAN or the corporate defendant DEWAN'S BEAUTY PRODUCTS COMPANY, INC., and the material facts and questions of law concerning usury necessary to resolve such issue."

At neither the trial nor appellate level was the issue raised that the corporation was formed solely to enable the plaintiff to loan money to the defendants as individuals through a corporate shell in order to escape our usury laws. As to that question we express no opinion herein.

At the close of the evidence, the court, sitting without a jury, found that the parties intended the loan to be made to the corporation. The court held that the loan

1. "BE IT RESOLVED by the Board of Directors of Dewan's Beauty Products Company, Inc., an Arizona corporation, that this corporation borrow from Flori Investment Company, an Arizona corporation, the principal sum of One Hundred Thousand and No/100 DOLLARS ($100,-000.00) and as evidence of such indebtedness, that this corporation issue to Flori Investment Company its Promissory Note in the principal amount of One Hundred Thousand and No/100 DOLLARS ($100,000.00), bearing interest at the rate of eight percent (8%) per annum from and after the date upon which loan proceeds are deposited in escrow by said Flori Investment Company * * *.

BE IT FURTHER RESOLVED that this corporation pay to Flori Mortgage Company, in consideration of services rendered to this corporation in connection with the above mortgage loan, a service and placement fee in the amount of Six Thousand Two Hundred Thirty Six and No/100 DOLLARS ($6,236.00), to be paid upon the closing of the above loan."

was not usurious and that the plaintiff was entitled to a recovery according to the terms of the note and to attorneys fees in an amount equal to ten percent of the amounts found due thereunder. Only the individual defendants have appealed from this judgment.

■ The defendants first challenge the sufficiency of the evidence arguing that the evidence does not support the finding of the trial judge that the parties intended the loan to be made to the corporation. The evidence is in conflict as to what occurred during the negotiations concerning the purpose of the loan and to whom it would be made. The witnesses for the plaintiff, William Keim and Robert Flori, testified that it was their understanding that the loan was to enable the corporation to develop and market a beauty oil product and that they were unaware that the corporation was not actually formed until two days before the loan was secured. On the other side, there was testimony indicating that the individual defendants received all of the loan proceeds, made all of the interest payments, mortgaged their land as security and that the corporation received no benefit from the loan whatsoever.

We are of the opinion that the trial court's finding is fully supported by the evidence. All of the documents relating to the transaction were in the corporate name. The agent of the plaintiff who negotiated the loan testified that he was led to believe, and did believe, that the corporation was in existence at the time the loan was being discussed with the defendants and that he first became aware of his mistake when this suit was filed. Testimony was also given that the purpose of the loan was to enable the corporation to produce and market a certain product and documentary evidence of this purpose was introduced. The escrow officer testified that if funds were disbursed from the escrow to Mr. Gangadean, it was because of a mistake of the escrow agent and not because of any fault of the plaintiff. Finally, there is testimony to support the contention that the plaintiff had no knowledge that the loan proceeds were disbursed to Mr. Gangadean.

Because we are of the opinion that there is adequate evidence in the record to reasonably support the findings of the trial court, we will not disturb those findings on this appeal. Cavazos v. Holmes Tuttle Broadway Ford, Inc., 104 Ariz. 540, 456 P. 2d 910 (1969).

■ The next contention concerns A. R.S. § 10–177 which provides:

"Any other provision of law, to the contrary, notwithstanding, any foreign or domestic corporation organized for pecuniary gain may in writing, pursuant to an authorizing resolution of its board of directors, agree to pay such rate of interest not exceeding twelve per cent per annum as such corporation may determine on any loan under which the principal balance to be repaid shall originally exceed the sum of three thousand five hundred dollars * * * or on any extension or renewal thereof, and as to any such transaction the claim or defense of usury by such corporation * * * is prohibited * * *."

The argument is made that because the corporate resolution, note 1, supra, only provided for the payment of interest at the rate of 8% per annum and because the plaintiff charged over 8% interest on the loan, A.R.S. § 10–177 did not apply and the loan was usurious as a matter of law. We reject this argument. In the corporate resolution authorizing the payment of 8% interest per annum, it was further resolved to pay "a service and placement fee" of $6,236.00. We have previously held that where a lender, as a condition for granting a loan, charges a bonus or commission, such bonus or commission is deemed to be additional interest. Modern Pioneers Insurance Co. v. Nandin, 103 Ariz. 125, 437 P.2d 658 (1968). Common sense compels us to recognize that the "service and placement fee" was a cost of borrowing the money and was, in effect, additional interest which, when

added to the 8% stated interest in the same resolution, amounted to a total interest charge of over 11% per annum. We hold, therefore, that the corporate resolution was sufficient to bring the loan within the scope of A.R.S. § 10–177.

It is finally argued that the trial court erred by failing to hear evidence or make a finding of fact with respect to the reasonableness of the attorneys' fees which were awarded to the plaintiff.

The plaintiff's complaint alleged that it was entitled to a reasonable attorney's fee and that ten per cent of the amount found due was a reasonable sum therefor. The defendants did not deny this allegation in their answer. In chambers, immediately prior to trial and with both counsel present, the court made the following minute entry:

"[O]n stipulation of counsel, in the event plaintiff prevails and is entitled to re-cover attorneys fees, the same should be set at ten percent of the amount recovered."

Stipulations by counsel are favored in the law because they reduce the time of trial and narrow the issues. Facts stipulated to by counsel are conclusive throughout the litigation and binding on the parties unless, upon appropriate and timely motion and for good cause shown, the parties are relieved therefrom. Higgins v. Guerin, 74 Ariz. 187, 245 P.2d 956 (1952). Since the defendants' counsel stipulated as to the amount of attorneys' fees and no motion was made to be relieved from the effect thereof, the stipulation is binding upon this court on appeal. Cf. Higgins v. Guerin, supra.

Judgment of the superior court is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.