477 P.2d 566

**TOWN OF GILA BEND, a body politic, Petitioner,**

v.

**The Honorable Ed W. HUGHES, Judge of the Superior Court, and Walled Lake Door Company, a Michigan corporation, the Real Party In Interest, Respondents.**

No. 1 CA–CIV 1497.

Court of Appeals of Arizona, Division 1,

Department A.

Dec. 7, 1970.

Rehearing Denied Jan. 6, 1971.

Review Denied Feb. 16, 1971.

Peter A. Neisser, Phoenix, for petitioner.

J. William Moore, Phoenix, for respondents.

STEVENS, Judge.

The petition in this special action was filed on 23 September 1970. Pursuant to the Rules of Procedure for Special Actions, 16 A.R.S., the matter was set for an informal presentation for 30 September 1970. On that date all parties appeared by their counsel and at the conclusion of the hearing

this Court entered its order taking the petition under advisement, allowing time for additional memoranda and ordering "that the respondent Walled Lake Door Company be restrained from seeking enforcement remedies pending further order of this Court."

Walled Lake Door Company, herein referred to as Walled Lake, filed an action in the Superior Court against the Town of Gila Bend, herein referred to as Gila Bend. Walled Lake recovered a judgment in its favor for money damages and for specific performance of an agreement. A timely notice of appeal was filed by Gila Bend on 12 June 1970. That appeal, 1 CA-CIV 1431, is pending in this Court. In this decision, as to this special action which arises out of identical Superior Court litigation, we refrain from expressing an opinion as to the merits of the pending appeal.

This special action arises out of proceedings in the Superior Court on and after the 12 June notice of appeal. Following the various phases of this litigation in the Superior Court, present counsel undertook the appeal and this special action on behalf of Gila Bend.

In addition to the notice of appeal and on the same day Gila Bend filed in the Superior Court an "application for stay of execution pending appeal." An order to show cause was issued based upon the application. Counsel for the litigants and the trial judge conferred. This conference was not reported. There is an honest difference of opinion between counsel as to the terms of the stipulation which arose out of the conference. Thereafter, and on 30 June, the trial judge signed an order based on the stipulation, which order provided that the judgment be stayed pending appeal upon the posting of a $60,000 supersedeas bond. There were further Superior Court proceedings leading up to a trial court order denying a further stay unless the supersedeas bond was posted, granting, however, a brief stay to permit the filing of this special action. As above noted, on 30 September this Court granted an additional stay.

The issues before this Court are whether Gila Bend is required to post a supersedeas bond as a condition precedent to a stay pending an appeal, and the effect of the stipulation and the 30 June order. Gila Bend relies upon Rule 62(g), Rules of Civil Procedure, 16 A.R.S., which reads as follows:

"62(g) *Stay in favor of the state or agency thereof.* When an appeal is taken by the state or an officer or agency thereof or by direction of any department of the state and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant."

Gila Bend also urges that the case of Navajo County v. Superior Court, 105 Ariz. 156, 461 P.2d 77 (1969), which held that no supersedeas bond is required to stay execution when a county is the appellant, applies equally to Gila Bend. See also the Supreme Court's supplemental opinion, 105 Ariz. 248, 462 P.2d 797 (1969).

Gila Bend is a body politic created pursuant to the provisions of A.R.S. § 9–101. The corporate powers of a town are vested in its common council by A.R.S. § 9–231, and A.R.S. § 9–240 sets forth the general powers of the common council. The powers of cities and towns, regardless of how organized, are limited to those which are conferred upon them. City of Tucson v. Arizona Alpha of Sigma Alpha Epsilon, 67 Ariz. 330, 195 P.2d 562 (1948). The purpose of investing these subordinate powers in a municipal corporation is to assist in the civil government of the state and to regulate and administer local and internal affairs of the community.

The Arizona Supreme Court has stated that:

"These subordinate bodies are created by virtue of the sovereignty resting in the state; they draw all their powers from that sovereignty, and *are created for the*

*sole purpose of exercising the limited part of sovereignty delegated to them."* (Emphasis theirs) City of Bisbee v. Cochise County, 52 Ariz. 1 at 13, 78 P.2d 982 at 986 (1938).

A town is unable to act without having the authority which is granted to it by the state. In exercising that authority it is limited by the restraints which the state imposes upon it. It is our opinion that a town, owing its corporate existence to the state, is invested with its powers for the purpose of assisting in the government of the state. In fulfilling this function, we hold that it is acting as an agent of the state and as such it is entitled to the benefits of Rule 62(g).

We hold that the automatic stay of execution effective upon the filing of a notice of appeal by a county, as held in the Navajo County case, is equally applicable to the Town of Gila Bend.

What then is the effect of the stipulation and the trial court's order of 30 June? We recognize the sanctity of stipulations as to facts. Our Supreme Court has set forth the proper procedure for a party to seek relief from the effect of a stipulation in Higgins v. Guerin, 74 Ariz. 187, 245 P.2d 956 (1952), and most recently in Gangadean v. Flori Investment Company, 106 Ariz. 245, 474 P.2d 1006 (1970). The power to determine the terms of an oral stipulation as to facts and to relieve a party from a stipulation lies within the discretion of the trial court upon an appropriate and timely motion and a showing of good cause.

On the other hand litigants cannot bind courts by stipulations as to the law. We hold that the stipulation and the trial court order requiring the posting of a supersedeas bond as a condition precedent to a stay of execution in Maricopa County Superior Court cause number C–214985 was, at most, an attempt to declare the law. Counsel and the trial court acted in good faith not realizing that with the filing of the notice of appeal on 12 June, the stay of execution was complete.

Under these circumstances Gila Bend is relieved of the necessity of posting a supersedeas bond and the enforcement of the Superior Court judgment is stayed pending the completion of the appellate process.

DONOFRIO, P. J., and HAIRE, J., concur.