486 P.2d 829

**MARICOPA COUNTY, Petitioner,**

v.

**MARICOPA COUNTY SUPERIOR COURT**
et al., Respondents.

**No. 1 CA–CIV 1728.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 12, 1971.

Rehearing Denied Aug. 17, 1971.

------◆------

Art Van Haren, Samuel Kelsall IV, Phoenix, for petitioner.

Burch, Cracchiolo, Levie, Guyer & Weyl, by C. Michael Pierce, Phoenix, for respondents.

EUBANK, Judge.

This matter involves a petition for Special Action filed by Maricopa County seeking an order compelling the trial court to enter a stay order pursuant to Rule 62(d), Rules of Civil Procedure, 16 A.R.S., pending the county's appeal from a summary judgment in respondents' favor.

Following the hearing before this Court on the petition on June 30, 1971, we took the matter under advisement and continued our interlocutory stay order pursuant to Rule 7, Rules of Procedure for Special Actions, 17 A.R.S., pending the issuance of this opinion.

We accept jurisdiction of this matter. The facts are that on January 25, 1971, the Maricopa County Board of Supervisors rezoned most of the land lying between Bell Road on the north, Thunderbird Road on the south, 43rd Avenue on the east and 51st Avenue on the west, from R1–8 (one house per 8,000 square feet) to RE–35 (one house per 35,000 square feet). The respondent real parties in interest, landowners within the area rezoned, filed their action in the Superior Court attacking the rezoning ordinance on several legal grounds. Sunburst Farms Homeowners Association was permitted to intervene in support of Maricopa County because its members' property, already developed to RE–35 standards, occupied a large portion of the area rezoned by the Supervisors. Following extensive oral argument, the trial court granted the respondents' (real parties in interest) motion for summary judgment setting aside that part of the rezoning ordinance which affected their real property. The judgment, which included Rule 54(b), Rules of Civil Procedure, 16 A.R.S. finality language, permitted an immediate appeal from the summary judgment. Both Maricopa County and Sunburst Farms filed their notice of appeal and Maricopa County moved for a stay of execution of judgment under Rules 62(d) and 62(g), which was denied by the respondent judge. This petition for special action questions the denial of that motion.

Rules 62(d) and 62(g), Rules of Civil Procedure, 16 A.R.S. are as follows:

62(d) Stay upon appeal. When an appeal is taken the appellant by giving a

supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this Rule. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court and filed.

\*     \*     \*     \*     \*     \*

62(g) Stay in favor of the state or agency thereof. When an appeal is taken by the state or an officer or agency thereof or by direction of any department of the state and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant.

In the case of Navajo County v. Superior Court, 105 Ariz. 156, 461 P.2d 77 (1969), which was a proceeding on a taxpayer's petition for a writ of mandamus against several counties, our Supreme Court, in discussing the appellant county's rights on appeal, cited the two above rules and Rule 62(e), stating:

> Since no supersedeas bond is required under Rule 62(g), supra, when an appeal is taken by the state or an agency thereof, there is nothing to be approved by the court. The appeal is perfected upon the filing of notice thereof; and the state [counties] is entitled to the same rights as an individual giving a bond. (p. 80 at 461 P.2d)

and two paragraphs earlier:

> · \*   \*   \* Where a notice of appeal is filed by the state [counties], as in the instant case, it is the duty of the clerk to transmit the notice of appeal, together with the judgment, as it is in effect a stay of execution of the judgment. (supra)

Upon rehearing, Navajo County v. Superior Court, 105 Ariz. 248, 462 P.2d 797 (1969), the Supreme Court said:

We held in our original opinion that a supersedeas bond was not required under Rule 62(g), Rules of Civil Procedure, 16 A.R.S., when an appeal is taken from the state or an agency [counties] thereof, and that it is perfected upon the filing of the notice thereof—that the perfection of the appeal had the effect of staying the execution until the return of the mandate from the appeal. (at p. 798 at 462 P.2d)

Our own court has recently considered the same question in a special action entitled, Town of Gila Bend v. Hughes, 13 Ariz.App. 447, 477 P.2d 566 (1970). In Gila Bend, relying on Navajo County, supra, we held that the Town of Gila Bend was an agency of the state under Rule 62(g) and therefore entitled to a stay upon the filing of their notice of appeal. We said:

> We hold that the automatic stay of execution effective upon the filing of a notice of appeal by a county, as held in the Navajo County case, is equally applicable to the Town of Gila Bend. (at p. 568 at 477 P.2d)

In the instant special action, the trial judge clearly should have granted Maricopa County's motion for a stay order as required by Rules 62(d) and 62(g), as a ministerial act, after he had assured himself that the county had filed its notice of appeal in Maricopa County Superior Court Cause No. C 245519.

The filing of this opinion shall constitute a mandate ordering that Maricopa County is relieved of the necessity of posting a supersedeas bond in Cause No. C 245519, and that the enforcement of the Superior Court's summary judgment in said case is stayed pending the determination of the appeal filed by Maricopa County.

JACOBSON, P. J., and HAIRE, J., concur.