572 P.2d 797

**PEABODY COAL COMPANY, a corporation, Petitioner,**

**v.**

**NAVAJO COUNTY, a political subdivision of the State of Arizona, Raymond H. Randall, County Treasurer of Navajo County, Norman H. Turley, Johnny L. Butler and Charles A. Patterson, members of the Board of Supervisors of Navajo County, Arizona, Respondents.**

No. 13255.

Supreme Court of Arizona,
In Banc.

Nov. 21, 1977.

Fennemore, Craig, von Ammon & Udall by Philip E. von Ammon and Donald R. Gilbert, Phoenix, for petitioner.

Bruce E. Babbitt, Atty. Gen. by Edwin P. Lee, Asst. Atty. Gen., Phoenix, for respondents.

CAMERON, Chief Justice.

This is a special action brought by petitioner, Peabody Coal Company, against the respondent, Navajo County, seeking to compel the respondent to satisfy a judgment for the refund of certain taxes improperly levied and collected. Two issues are raised:

1. Did Peabody file a premature demand for payment of its claim?
2. Is Navajo County entitled to set off the judgment against other taxes owed by Peabody or must it refund the amount in cash?

■ The factual background out of which this case arose is as follows. On 30 October 1972, Peabody Coal Company filed a lawsuit against Navajo County seeking a refund of certain 1972 ad valorem property taxes. On 13 April 1973, the trial court entered judgment in favor of Peabody. Specifically, the judgment ordered the respondent, Navajo County, to refund to Peabody $209,446.50, plus interest. Navajo County appealed and on 23 January 1975 the Court of Appeals, Division One, issued its opinion affirming the judgment of the trial court. Both courts held that Peabody's interest in a coal mine on the Navajo and Hopi Reservations was a lease and could not be taxed as a fee interest. There is no statutory authority to tax a leasehold interest. *Navajo County v. Peabody Coal Co.*, 23 Ariz.App. 101, 530 P.2d 1134, rehearing denied 23 Ariz.App. 259, 532 P.2d 201 (1975). We denied review and the mandate of the Court of Appeals issued on 24 April 1975.

On 5 May 1975, Navajo County filed a motion in the trial court seeking to vacate or, in the alternative, to alter or amend the judgment of 13 April 1973. The trial court denied the county's motion on 27 May and the county again appealed. On 7 November 1975, the Court of Appeals dismissed the appeal stating that the judgment of 13 April 1973, which had been affirmed on 23 January 1975, had become final and could not later be vacated or modified by the trial court. We denied review of that order.

On 22 June 1976, the county filed a motion in the Court of Appeals requesting that that court reinstate its appeal and direct the trial court to enter judgment in its favor. The Court of Appeals denied that motion on 10 December 1976.

Subsequent to the filing of the motion by Navajo County to vacate or amend the judgment and prior to the court's ruling on it, Peabody made a formal demand on the county for payment. This demand was filed with the county on 12 May 1975. The Navajo County Board of Supervisors, on 11 August 1975, included a sum in the county budget for the following fiscal year to cover payment of the judgment and adjusted the tax rate accordingly. The Board of Trustees of the Kayenta School District also included an amount in its budget and adjusted its tax rate. Nonetheless, the judgment has not been satisfied.

On 17 January 1977, Peabody filed a special action in the Navajo County Superior Court seeking an order compelling the county to satisfy the judgment. The court found that Peabody's demand was timely but that Peabody had no right to receive cash payment. It ordered the county to set off and credit to Peabody against any taxes owed by Peabody, the amount of the judgment of 13 April 1973, plus interest.

Peabody, contending that it is entitled to a cash refund, thereupon filed this special action.

## WAS PEABODY'S DEMAND PREMATURE?

■ Navajo County argues that the 1973 judgment was not final when Peabody presented its formal demand on 12 May 1975 and that therefore a valid claim for a refund could not be based on that judgment. The Navajo County Superior Court rejected that argument, holding that the judgment was final and the claim timely filed. That holding is correct.

We have held that where an appeal is taken following an award in favor of a taxpayer in an action for a refund of taxes, the judgment becomes final upon the return of the mandate. *Navajo County v. Superior Court,* 105 Ariz. 248, 462 P.2d 797, supplementing 105 Ariz. 156, 461 P.2d 77 (1969). As of the date that the mandate of the Court of Appeals issued, 24 April 1975, the judgment of 13 April 1973 became final. Peabody's claim was therefore timely.

■ Navajo County argues, however, that the judgment was not final because the time for an appeal to the United States Supreme Court had not yet expired and there were ongoing proceedings in the Superior Court. In support of its position, the county cites Rule 62(g), Rules of Civil Procedure, 16 A.R.S. That rule provides that

when an appeal is taken by the state or an agency thereof, enforcement of the judgment is stayed pending the resolution of the appeal and no bond or other security shall be required. By its terms the effect of that rule was to stay the enforcement of the judgment pending the resolution of the appeal. The issuance of the Court of Appeals mandate resolved the appeal and dissolved the stay. The fact that time had not expired for an appeal to the United States Supreme Court did not prevent the judgment from becoming final. The procedure for obtaining a stay pending an appeal to the United States Supreme Court is set forth in 28 U.S.C. § 2101(f). No attempt was made to obtain a stay pursuant to that section and neither the right to petition for a writ of certiorari nor the actual filing of such a petition stays the enforcement of the underlying judgment. *United States v. Eisner,* 323 F.2d 38 (6th Cir. 1963), supplemented by 329 F.2d 410 (6th Cir. 1964).

■ The county's claim that there were further proceedings in the Superior Court, namely the county's post-appeal motion, and that those proceedings precluded the judgment from becoming final is also incorrect. The issuance of the mandate of the appellate court was conclusive and binding and the Superior Court was without jurisdiction to alter or modify the judgment in any fashion other than as directed by the appellate court. *Rogers v. Ogg,* 101 Ariz. 161, 416 P.2d 594 (1966); *Spector v. McFate,* 95 Ariz. 88, 387 P.2d 234 (1963); *Pacific Greyhound Lines v. Brooks,* 70 Ariz. 339, 220 P.2d 477 (1950). The judgment was final and the demand timely.

### PEABODY IS ENTITLED TO A CASH REFUND

■ Navajo County contends that it may set-off the amount of the judgment against certain other taxes owed by Peabody.

The procedure to be followed when a refund is ordered following an appeal by an aggrieved taxpayer is established by A.R.S. § 42–152(E). That section provides in pertinent part as follows:

"When judgment is awarded to a taxpayer who paid his taxes to the county treasurer, the judgment shall be paid by the county treasurer of the county in which the property is located out of sums collected from property taxes during the next fiscal year, unless there are sufficient sums available in funds budgeted for that purpose by the county to allow an immediate refund, or the amount of the judgment may be credited toward any taxes which may be remaining due on the property which is the subject of the appeal, subject in either case to the approval of the board of supervisors.
\* \* \* \*"

The meaning of the statute is clear. The judgment is to be paid in cash out of the current budget or out of sums raised during the next fiscal year. Alternatively, the amount of the judgment may be credited against any taxes "remaining due on the *property* which is the subject of the appeal." (Emphasis supplied.) The statute does not authorize the county to credit the amount of the judgment against any other taxes owed by taxpayer-property owner. Rather, it provides that the judgment may be credited only against taxes remaining due on the specific property which was the subject of the appeal. This is in keeping with the long-established rule that it is the property that owes the tax and not the owner. See *Santos v. Simon,* 60 Ariz. 426, 138 P.2d 896 (1943). The owner of real property is not personally liable for real property taxes; such taxes represent a lien against the land itself and are not a personal obligation of the property owner. *Pothast v. Maricopa County,* 43 Ariz. 302, 30 P.2d 840 (1934).

The tax in question here was a real property tax levied by Navajo County on Peabody's leasehold interest in certain mines located on the Navajo and Hopi Reservations. The Court of Appeals held that Navajo County was prohibited from assessing any taxes on Peabody's leasehold interest because there is no authority under Arizona law for the taxation of a leasehold. As a result, the property "which [was] the sub-

ject of the appeal," Peabody's leasehold, cannot be taxed, and there can be no "taxes remaining due" on that property. Thus, there are no taxes against which the judgment may be set-off.

The county maintains further that it is prohibited from making a cash refund to Peabody so long as Peabody remains indebted to it. This contention is based on A.R.S. § 11–628(A) which provides in part as follows:

"A demand shall not be allowed by the board in favor of a person indebted to the county without first deducting such indebtedness * * *."

A.R.S. § 11–628(A) is not applicable to the facts of this case. The accepted rule of statutory construction is that when both a general statute and a specific statute apply to the same subject, the specific statute controls to the extent that the statutes conflict. See *Webb v. Dixon,* 104 Ariz. 473, 455 P.2d 447 (1969); *Kearney v. Mid-Century Ins. Co.,* 22 Ariz.App. 190, 526 P.2d 169 (1974). Here A.R.S. § 11–628(A) is the general statute on the settlement of claims against the county, while A.R.S. § 42–152(E) sets forth the specific procedure for the refund or set-off of improperly collected taxes.

Moreover, even the general statute [A.R.S. § 11–628(A)], by its terms, is limited to demands "of a person" indebted to the county and, as we have discussed above, property taxes are not personal obligations of the property owner but instead represent a lien against the land itself. We believe A.R.S. § 43–152(E) is controlling.

Peabody Coal Company may be otherwise indebted to Navajo County, but that fact has no bearing on this case. The property the county attempted to tax was not subject to taxation. As a result, the county is obligated to refund the amount of the taxes paid, plus interest.

Upon issuance of the mandate herein, it is ordered that Navajo County refund the amount of $209,446.50, plus interest at the legal rate, from 30 October 1972, and that Navajo County otherwise comply with the previous mandate of the Court of Appeals.

Relief granted.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.