491 P.2d 853

Leon H. MAEHLING, Yuma County School Superintendent, Appellant,

v.

Walter M. KENNEDY, Appellee.

No. 1 CA–CIV 1738.

Court of Appeals of Arizona, Division 1.

Dec. 20, 1971.

William Michael Smith, Yuma County Atty. by Robert C. Clarke, Deputy County Atty., Yuma, for appellant.

B. L. Helm, Yuma, for appellee.

HOWARD, Judge.

This is an appeal from a special action. The parties in the trial court stipulated as to the operative facts. They are as follows: Pursuant to A.R.S. § 15–406, a petition to annex Vicksburg School District No. 3 to the Salome School District No. 30 was filed on February 24, 1971, with the appellant. Prior to said date the Board of Trustees of Salome School District No. 30 had approved said annexation at a meeting held on February 22, 1971. On February 24, 1971, the appellant determined that a majority of the school electors of Vicksburg School District No. 3 had signed a petition for annexation and on that date he gave notice to the school electors of Salome School District No. 30 that a majority of the electors of Vicksburg School District No. 3 had petitioned for annexation and that Salome electors had fifteen days in which to file a petition opposing such annexation.

The appellee then filed a special action in the trial court alleging that a majority of the electors of Vicksburg School District had not in fact signed the petition. At the hearing on the order to show cause it appeared that the petition was signed by twenty persons who had re-registered since the November general election of 1970. The appellee, however, contended that the voting list in existence for the general election of 1970 was still in effect and therefore that the twenty persons who signed the petition did not constitute a majority of the school electors.

The trial court quashed the annexation petition and enjoined the appellant from further proceedings. The issue presented to this court is whether or not persons who were qualified electors in the November 1970 general election were still "school electors" for the purposes of signing an annexation petition under A.R.S. § 15–406.

In 1970 the legislature enacted subsection D of § 16–150, A.R.S., which reads as follows:

"D. On the day immediately following the general election in 1970 and at intervals of ten years thereafter, the county recorder shall cancel all voter registration

Under A.R.S. § 15–406 a majority of the school electors of a school district may present a petition to the trustees of the district to which they desire to be annexed. A person is a qualified school elector if he is a registered elector of the state and has been a resident of the school district six months immediately preceding the election. A.R.S. § 15–473; Webb v. Dixon, 104 Ariz. 473, 455 P.2d 447 (1969).

Appellant contends that since A.R.S. § 16–150, subsec. D requires a cancellation of voting registrations on the day following the November general election in 1970, the only persons who were qualified school electors were those who had re-registered.

We disagree. We hold that under the authority of Klahr v. Culbertson, Ariz., 489 P.2d 853 (1971) and Stillman v. Marston, 107 Ariz. 208, 484 P.2d 628 (1971) the school electors of Vicksburg School District No. 3, for the purposes of the an-

**132**

nexation petition, consisted of both those voters who were on the registration list for the 1970 general election and the list being prepared for the general election of 1972.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.