543 P.2d 797

**STATE of Arizona and Department of Liquor Licenses and Control, Appellants,**

v.

**HANNAGAN'S MEADOW LODGE CORP., by its applicant/agent Guy F. McCafferty, Appellee.**

**No. I CA–CIV 2851.**

Court of Appeals of Arizona, Division 1, Department B.

Dec. 23, 1975.

Rehearing Denied Jan. 23, 1976.

Review Denied Feb. 10, 1976.

Bruce E. Babbitt, Atty. Gen. by Nicholas C. Guttilla, Asst. Atty. Gen., Phoenix, for appellants.

Soble & Cole, P. C., by Joseph H. Soble, Tucson, for appellee.

## OPINION

EUBANK, Judge.

This appeal presents the question whether a liquor license can be revoked by the Department of Liquor Licenses and Control for a failure to renew the license by timely payment of the yearly fee required by A.R.S. § 4–209.

When appellee's liquor license expired on December 31, 1973, it was not renewed. The Arizona State Liquor Board held a hearing on April 18, 1974, and denied renewal on the same day. Appellee appealed to the Superior Court of Maricopa County which entered a judgment directing the State Department of Liquor Licenses and Control to renew appellee's license. The Department has appealed from this adverse ruling.

This appeal presents squarely the tension between A.R.S. §§ 4–209.01 and 4–210. Section 4–209.01 deals with the precise question before us and states:

A licensee who fails to renew his license within thirty days after the payment of the fee is due as prescribed by § 4–209 shall be subject to a penalty of ten per cent of the license fee, which shall be paid with the license fee.

Section 4–210 provides for suspensions and revocations generally, and it says:

A. The superintendent may suspend any license for a period not exceeding ten days for violation of, or noncompliance with, any provision of this title, or any rule or regulation issued pursuant to this title, or any condition imposed upon the licensee by the license. The licensee may appeal such suspension to the board,

and the board or its designated representative shall set such appeal for a prompt hearing by the board, or, in the alternative, the licensee may elect to make a special appeal and request a hearing within three days. Upon receipt of an appeal so designated which requests a hearing within a three-day period, the board or its designated representative shall set such matter for hearing before the board within three days after the receipt of such special appeal. The board shall hear such evidence as the licensee and the superintendent may offer and shall render its decision at the conclusion of such hearing. If the board sustains the action of the superintendent after the special appeal, the licensee shall reimburse the state for all sums paid to board members pursuant to § 4–201 for the appearance of the board at such hearing.

B. Except as provided in subsection A, a license shall be suspended or revoked only after a hearing before the board, and only after reasonable notice has been given to the licensee in the manner provided for in this section.

C. Upon the filing of a verified complaint with the superintendent charging a licensee with the violation of or noncompliance with a provision of this title, or any rule or regulation issued pursuant to this title, or any condition imposed upon the licensee by the license, the superintendent may issue a citation directing the licensee, within ten days after service of the citation upon him, to appear by filing with the superintendent a verified answer to the complaint showing cause, if any, why his license should not be suspended or revoked. Failure of the licensee to answer shall be deemed an admission by him of his commission of the act or acts charged in the complaint, and thereupon the board may forthwith suspend or revoke his license. Upon the filing of an answer by a licensee served with a complaint under this subsection, the superintendent shall fix a time and

place for hearing by the superintendent and shall give the licensee and the complainant not less than five days' notice thereof. Upon the hearing, the superintendent shall hear such evidence as the complainant and the licensee may offer and shall, within ten days after the hearing is concluded, give his decision together with a brief statement of its reasons therefor.

D. Any decision of the superintendent may be appealed to the board, provided that such appeal is filed in writing and in detail with the department within ten days after the decision of the superintendent is made, and the decision of the superintendent shall be suspended until the determination of such appeal by the board.

E. Hearings before the board shall be open to the public and shall be informal with technical rules of evidence not applying to the proceedings. The licensee involved and any person requesting a hearing shall be notified reasonably in advance of the hearing and may select representatives of their choosing, present and cross-examine witnesses, and give evidence before the board. The board, or a duly appointed hearing officer, shall conduct the hearing and is authorized to take evidence and exercise the rights prescribed by section 12–2212. The board shall prepare an official record of the hearing, including the testimony recorded manually or by mechanical device and exhibits; but it shall not be required to transcribe such record except upon written request and receipt of a reasonable charge for transcribing such record.

F. Notice to a licensee or any person receiving notice under this article shall be fully effective by mailing a copy thereof by registered or certified mail, in a sealed envelope, with postage prepaid, and addressed to such person at his latest address of record in the department. Service of such notice shall be complete when deposited in the United States mail. Service upon any person repre-sented in any such matter by counsel shall be complete when notice is sent in such manner to such counsel.

The state contends that the provisions of A.R.S. § 4–210 must prevail over A.R.S. § 4–209.01 and that appellee's license must therefore be revoked. However, we are unable to agree with the appellants' interpretation of the relationship and interplay between these sections.

■ First, we believe that the language of A.R.S. § 4–209.01 indicates clearly and unambiguously that it is intended to express the exclusive penalty for failure to renew a liquor license by the end of a year.

Second, the legislative history of these sections supports our interpretation. Section 4–209.01 and the present § 4–210 were enacted together in 1967 as part of a comprehensive revision of the state liquor laws. Added Laws 1967, Ch. 133, §§ 22, 24. The title of Chapter 133 reads in part, *"An Act . . . Prescribing Penalty for Failure to Renew within Thirty Days . . . ."* The title of an act is an important indication of statutory intent in Arizona because of the requirement of Art. 4, Pt. 2, Sec. 13, Ariz.Const., 1 A.R.S. that:

Every Act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be embraced in the title.

The title of the Act demonstrates that a failure to renew a liquor license within 30 days received special attention from the legislature for the reason that a penalty, separate and distinct from those to be imposed for other violations, was intended to apply to this particular violation.

Moreover, the fact that this section was numbered as A.R.S. § 4–209.01 by the legislature relates it more closely to § 4–209 —the section of Title 4 relating to the is-

suance of liquor licenses and fees—than to § 4–210. Thus, in our opinion one should look to § 4–209.01 for the penalties for a violation of § 4–209, rather than to § 4–210.

Finally, the rules of statutory construction support our decision. It is a well-established principle in Arizona that, if the provisions of a general statute are inconsistent with the provisions of a special statute on the same subject, then the special statute will control. *Webb v. Dixon,* 104 Ariz. 473, 455 P.2d 447 (1969); *Whitfield Transportation, Inc. v. Brooks,* 81 Ariz. 136, 302 P.2d 526 (1956). Here the special statute is § 4–209.01, while the general statute is § 4–210.

We are not persuaded by appellants' argument that our affirmance of the trial court's ruling would mean that the only measure which could be taken against liquor licensees who refuse to renew their licenses is the imposition of the 10% penalty. A.R.S. § 4–210 surely allows revocation in aggravated cases, but only after the specific penalty of A.R.S. § 4–209.01 has been imposed and ignored. The failure to pay a penalty is a specific "violation of, or noncompliance with, [a] provision of this title" to which A.R.S. § 4–210 expressly addresses itself.

Appellants argue that, since there was evidence adduced at the hearing that the license was not used for approximately eight months of the year because of inclement weather conditions, the license must revert to the state under A.R.S. § 4–203(F).[1] This position is insupportable in view of the show cause order attempted to be served on appellee which refers only to the violation of A.R.S. § 4–209(A), and the

order of the State Liquor Board ordering a denial of appellee's license for reason of that violation. Due process clearly prohibits a reviewing court from sustaining the revocation of a license on grounds which are so different from those noticed.

Therefore, we conclude that the proper penalty to be imposed is that prescribed in A.R.S. § 4–209.01. The trial court was correct in directing the Department to renew appellee's license.

Affirmed.

JACOBSON, P. J. and HAIRE, C. J., Division 1, concurring.

---

[1]. Appellants in their brief refer to A.R.S. § 4–203(G). However, this is an incorrect citation since the 1967 amendments to A.R.S. § 4–203 were still in effect at the time of the hearing. Thus, the proper reference would be to A.R.S. § 4–203(F). The 1974 amendments, which appellants cite, moved this provision to A.R.S. § 4–203(G). As a result of 1975 amendments, this section cur-

rently is A.R.S. § 4–203(I). The wording was unchanged by any amendment, and the section reads:

A license which is not used by the licensee for a period in excess of six months shall revert to the state, except that the board may grant additional time if, in its judgment, the licensee is in good faith attempting to comply with this subsection.