NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SANDRA S. WAGNER, *Plaintiff/Appellant,*

*v.*

SHAWN C. WHITE, et al., *Defendants/Appellees.*

No. 1 CA-CV 19-0174
FILED 12-10-2019

Appeal from the Superior Court in Maricopa County
CV2017-055215
The Honorable Theodore Campagnolo, Judge

**AFFIRMED**

COUNSEL

David H. Carmichael, Scottsdale
*Counsel for Plaintiff/Appellant*

Renaud Cook Drury Mesaros, PA, Phoenix
By Steve G. Mesaros, Richard H. Goldberg, Kelly A. Hedberg
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in
which Judge Jennifer M. Perkins and Judge Paul J. McMurdie joined.

**T H U M M A**, Judge:

¶1	Plaintiff Sandra S. Wagner appeals from the grant of summary judgment for defendants Shawn C. White and Sternfels & White PLLC (collectively White) on her legal malpractice claim. Because Sandra has shown no error, the judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2	Sandra was married to Richard Allen Wagner from 2002 until his death in 2014. Previously, Richard had been married to Elizabeth Wagner and they had a daughter, Jasmine Wagner, born in January 1978. Richard and Elizabeth divorced in 1980, and the Connecticut Superior Court ordered Richard to pay Elizabeth $1,500 per month in child support until Jasmine turned 21. Richard did not pay as ordered.

¶3	When Richard died, Sandra became the personal representative for his estate and retained White to represent her and the estate. Elizabeth filed a claim against the estate for $336,000 (representing what Richard owed in child support) plus interest. Richard's estate did not disallow the claim. Elizabeth then applied to the Connecticut Superior Court to substitute Sandra, in her capacity as personal representative for Richard's estate, as a defendant and asked that court to issue a supplemental judgment against the estate for the unpaid amount.

¶4	White told Sandra she needed to retain Connecticut counsel to challenge Elizabeth's application there. Sandra appeared through counsel in the Connecticut case, but there is no indication she challenged the application. The following month, the Connecticut court issued a supplemental judgment for the $336,000 unpaid child support, plus interest until paid, "due and owing . . . by [Richard], his heirs, executors, administrators, personal representatives, and his assigns."

¶5	Sandra then filed this action, claiming White's failure to advise her to timely disallow Elizabeth's claim was malpractice. White moved for summary judgment, arguing Richard's estate was statutorily bound to recognize the supplemental judgment and, therefore, any breach of duty in failing to advise Sandra to disallow the claim did not damage her. Sandra countered, arguing that given the passage of nearly four decades, laches was a defense to Elizabeth's claim against the estate. The superior court granted summary judgment for White, ruling the supplemental judgment was valid and enforceable under Arizona Revised

Statutes (A.R.S.) section 14-3806 (2019),[1] and if Sandra wanted to rely on laches to avoid its enforcement, she needed to do so in the Connecticut court.

**¶6**         After further motion practice, the court entered a final judgment reflecting that relief. *See* Ariz. R. Civ. P. 54(c). This court has jurisdiction over Sandra's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶7**         Sandra argues a disputed issue of a material fact regarding whether laches was available as a defense against Elizabeth's claim precluded entry of summary judgment. Summary judgment is proper when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). Viewing the evidence in the light most favorable to Sandra, this court addresses de novo whether there are genuine issues of material fact and whether the superior court properly applied the law. *Unique Equip. Co. v. TRW Vehicle Safety Sys., Inc.*, 197 Ariz. 50, 52 ¶ 5 (App. 1999).

**¶8**         To succeed on her legal malpractice claim, Sandra was required to plead and prove

> (1) the existence of an attorney-client relationship which imposes a duty on the attorney to exercise that degree of skill, care, and knowledge commonly exercised by members of the profession, (2) breach of that duty, (3) that such negligence was a proximate cause of resulting injury, and (4) the fact and extent of the injury.

*Phillips v. Clancy*, 152 Ariz. 415, 418 (App. 1986). White's motion for summary judgment focused on the third element, arguing any alleged breach did not damage Sandra.

**¶9**         If a personal representative disallows a claim against an estate, the claimant must then timely file a petition with the court to pursue the claim. A.R.S. § 14-3806(A). If, however, the personal representative fails

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

to disallow a claim within 60 days after the time for presenting claims expires, the claim is deemed allowed. *Id.*

¶10 Sandra alleged White erred in not disallowing Elizabeth's claim and that error damaged Sandra because it resulted in Elizabeth's claim being allowed as a matter of law regardless of its merit. Sandra claimed that, if White had properly advised her to disallow Elizabeth's claim, laches would have defeated the claim. White counters, even assuming he should have advised Sandra to disallow the claim, Sandra could not show any resulting harm because the supplemental judgment would have been an allowed claim under Arizona law.

¶11 By statute, in Arizona "[a] judgment in a proceeding in another court against a personal representative to enforce a claim against a decedent's estate is an allowance of the claim." A.R.S. § 14-3806(D). Thus, once Elizabeth obtained the supplemental judgment in Connecticut, her claim against the estate in Arizona became an allowed claim as a matter of law. Accordingly, even if White had advised Sandra to disallow Elizabeth's claim in the Arizona probate proceedings, once the Connecticut court entered the supplemental judgment, it would have become an allowed claim. White's alleged malpractice, therefore, did not harm Sandra.

¶12 Sandra cites A.R.S. § 12-1702 for the proposition that she would have been entitled to assert the defense of laches against the supplemental judgment if she had timely disallowed Elizabeth's claim. That statute provides in full:

> A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be filed in the office of the clerk of any superior court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the superior court of this state. **A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a superior court of this state and may be enforced or satisfied in like manner**.

*Id.* (emphasis added).

¶13 The statute addresses the procedure to enforce a foreign judgment; it does not create any substantive rights. *See Cristall v. Cristall*,

225 Ariz. 591, 593 ¶ 11 (App. 2010). Moreover, there is no indication § 12-1702 imposes requirements in addition to § 14-3806(D). Section 14-3806(D) does not refer to § 12-1702 or indicate the permissive procedure for filing a foreign judgment outlined in § 12-1702 must be followed for a foreign judgment to be deemed an "allowed claim" in the probate context. Instead, § 14-3806(D) establishes entry of a foreign judgment against a personal representative constitutes an allowance of the claim. A claimant is therefore not required to take any further steps, such as domesticating the judgment under § 12-1702, to perfect the claim. *See also Pima County v. Heinfeld*, 134 Ariz. 133, 134 (1982) ("where two statutes deal with the same subject, the more specific statute controls").

**¶14**        The proper forum for Sandra to assert laches was in the Connecticut court when Elizabeth applied for the supplemental judgment. *See Lownds v. Lownds*, 41 Conn. Supp. 100, 104-06 (1988) (holding only a Connecticut court can modify a support order it issued). Once the Connecticut court entered the supplemental judgment, it became an allowed claim against Richard's estate in Arizona, and Sandra could no longer assert a laches defense. Accordingly, even if White had advised Sandra to timely disallow Elizabeth's claim, it would have been allowed as a matter of law upon the entry of the Connecticut supplemental judgment.[2]

## CONCLUSION

**¶15**        The judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[2] Because Sandra did not raise laches in the proper forum, this court need not (and expressly does not) address the merits of her argument that she would have defeated Elizabeth's claim based on that defense if she had disallowed the claim.