[Civil No. 3351. Filed May 29, 1933.]

[22 Pac. (2d) 407.]

I. ROSENZWEIG, TERRY DANTZLER and AMUSEMENTS, INC., a Corporation, Petitioner, v. G. A. RODGERS, Judge of the Superior Court of the State of Arizona in and for the County of Maricopa, Respondent.

Messrs. Windes & Miller, Messrs. Elliott & Lewis and Mr. I. J. Lipsohn, for Petitioners.

Messrs. Townsend, Jenckes & Edwards, for Respondent.

FAIRES, Superior Judge.—This is an original proceeding in *mandamus* by I. Rosenzweig et al. against G. A. RODGERS, as Judge of the superior court in and for Maricopa county, to compel respondent to approve a *supersedeas* bond.

The petition sets forth, among other allegations, that on the twenty-seventh day of September, 1932, H. J. Alvord et al. filed an action, No. 37999–B, in division No. 1 of the superior court of Maricopa county, presided over by the Honorable M. T. PHELPS, to enjoin the petitioners from operating the Mirador Dance Hall, located in Lane subdivision, Maricopa county, state of Arizona; that on said date a hearing was had on said petition, before the said superior court, and thereafter, on the thirteenth day of December, 1932, the court made and entered its judgment, restraining the petitioners (defendants in said action) in the operation of said premises from engaging in such conduct as would disturb plaintiffs in the reasonable comfort and enjoyment of their respective homes; that thereafter the said H. J. Alvord et al. petitioned said superior court to modify said judgment, made and entered on the thirteenth day of December, 1932, as follows, to wit: ''That this court permanently close the aforesaid dance hall and that the court find the defendants and each of them guilty of continuously and wilfully refusing to obey the order of this court and punish them in accordance with the law in such cases made and pro-

vided and for such other and further relief as to this court may appear meet and proper in the premises." That said motion to modify said judgment was set for hearing before the said Honorable M. T. PHELPS on the seventh day of February, 1933. One of the petitioners, pursuant to the provisions of section 3721, Revised Code of 1928, filed an affidavit of bias and prejudice against the said Honorable M. T. PHELPS; that subsequent to the filing of said affidavit of bias and prejudice, and over the objections of petitioners, the said Honorable M. T. PHELPS presided at the hearing of said petition to modify said judgment and did, on the twenty-eighth day of February, 1933, make and enter the following decree: "It is therefore ordered, adjudged and decreed that the defendants, their agents, officers, attorneys and servants, and each of them, be forever barred and enjoined from operating the dance hall known as the Mirador Dance Hall, located on Lots 1, 2, 3, 4, and 5, Lane Subdivision, a subdivision in the County of Maricopa, State of Arizona, according to the map or plat of record in the office of the County Recorder of Maricopa County for dance hall purposes and that said restraining order become effective as of Wednesday, February 13, 1933." That said petition contains the further allegation that said action, pursuant to the rules of practice of the superior court of Maricopa county, Arizona, belonged in and should have been heard before the division of said superior court presided over by the Honorable G. A. RODGERS, respondent herein; that following the rendition of the aforementioned modified judgment the petitioners, subsequent to giving notice of appeal, and pursuant to the provisions of section 3669, Revised Code of 1928, filed their application requesting respondent to fix the amount of the *supersedeas* bond, and that respondent did, on the first day of April,

1933, deny the petitioners' application for the fixing of said bond.

In response to the order to show cause it appears from the return of respondent that said application was denied on the ground that counsel for petitioners made admission in open court that a verbal application had theretofore been made in chambers to the said Honorable M. T. PHELPS to fix the amount of said *supersedeas* bond, and that he, the said M. T. PHELPS, Judge presiding in said division No. 1, had declined to fix the amount of said bond, and that it was not respondent's function, as one of the judges of said superior court, to act as an appellate judge to review the acts of another of the judges associated with him upon the bench of the said superior court; and on the further ground that the injunction embodied in the judgment, which petitioners sought to supersede, is merely preventive or prohibitory, and required nothing to be done to carry it into execution.

The one and only question necessary to be here decided is whether the laws of this state allowing final judgment to be superseded or suspended by filing a good and sufficient *supersedeas* bond, under the terms of the statute, in an amount fixed by the trial court, have application to a proceeding of this nature.

The general rule is: "Where a decree specifically forbids a party from doing a designated act, he cannot, by obtaining a *supersedeas*, acquire a right to do the forbidden act. Thus, a *supersedeas* confers no right to do an act prohibited by a decree awarding an injunction forbidding the act. It is obvious that to assign to a *supersedeas* such force as would make it so operate as to give a party power to do what the decree prohibits would make it a remedy creating affirmative rights of a positive nature, rather than a preventive order or writ. This would be to completely transform one remedy into another, of an essentially different class." In the case from which

we have just quoted, *State* v. *Stallcup,* 15 Wash. 263, 46 Pac. 251, the court held, construing the statutes of that jurisdiction, that a *supersedeas,* from its nature, operates only upon orders or judgments commanding some act to be done and does not reach a case where relief granted merely forbids the doing .of some act. In this connection, see *Hulbert* v. *California Portland Cement Co.,* 161 Cal. 239, 118 Pac. 928, 38 L. R. A. (N. S.) 436, a leading case, wherein the same distinction is drawn between preventive and mandatory injunctions.

An appeal from a final decree granting a perpetual injunction and the giving of *supersedeas* bond would not have the effect of nullifying or suspending the decree so as to permit the doing of the act enjoined pending the appeal. High on Injunctions, 4th ed., vol. 2, § 1698a.

The function of the *supersedeas* bond is, as this court has already determined in the case of *Colvin* v. *Weigold,* 31 Ariz. 370, 253 Pac. 633, and in the case of *Gotthelf* v. *Fickett,* 37 Ariz. 413, 294 Pac. 837: "To stay future proceedings, and not to undo what is already done. It has no retroactive operation, so as to deprive the judgment of its force and authority from the beginning, but only suspends them after and while it is itself effectual." While in the Gotthelf case this court held that, as without a *supersedeas* bond the trial court might make further disposition of the child, a *supersedeas* bond was required in order to prevent such disposition and to maintain the *status quo.*

Here we have no such circumstance presented. Judgment in this case had been completely executed at the time of the application for *supersedeas;* hence there is nothing upon which a *supersedeas* can operate. If issued, it would be futile and ineffectual. *Colvin* v. *Weigold, supra;* 3 Corpus Juris 1280, § 1405, and notes thereunder.

In some jurisdictions cited by counsel for petitioners the courts have held that their statutes relating to *supersedeas* bonds apply to every final judgment in a civil case, and that appellant is entitled, as a matter of right, to a *supersedeas* bond in every such case.

We are of the opinion that the decisions so holding are largely based upon special statutory provisions and that the authorities under statutes similar to ours support the conclusions herein stated.

It is therefore ordered that the alternative writ of *mandamus* heretofore issued be, and the same is hereby quashed and the petition be, and the same is hereby, dismissed.

ROSS, C. J., and McALISTER, J., concur.

NOTE.—LOCKWOOD, J., being ill, the Honorable C. C. FAIRES, Judge of the Superior Court of Gila County, was called to sit in this case.