540 P.2d 172

The ARIZONA STATE BOARD OF DENTAL EXAMINERS, Petitioner,

v.

SUPERIOR COURT OF GRAHAM COUNTY, Arizona, and Honorable Lloyd Fernandez, assigned to Graham County Case # 8416,

and

Gary H. WEAVER, D.D.S., Real Party in Interest, Respondents.

No. 2 CA–CIV 1957.

Court of Appeals of Arizona, Division 2.

Sept. 23, 1975.

Rehearing Denied Oct. 15, 1975.

Review Denied Nov. 4, 1975.

Bruce E. Babbitt, Atty. Gen., by John S. O'Dowd, Asst. Atty. Gen., Tucson, for petitioner.

Richardson & Mortensen, by Wilford R. Richardson, Safford, for respondents real party in interest.

## OPINION

HATHAWAY, Judge.

The petitioner attacks the respondent court's refusal to grant a stay of execution of an order which petitioner has appealed to this court. We agree with the Board's position and grant relief.

The real party in interest sought superior court review of a decision of the Board revoking his license to practice dentistry in the State of Arizona. The matter was heard by the respondent court which found that the revocation hearing lacked due process. The order from which the state filed its notice of appeal reversed the decision of the Board revoking the license and also decreed that "the license of the plaintiff, Gary H. Weaver, to practice dentistry in the State of Arizona is hereby restored."

Petitioner timely filed a notice of appeal and moved for a stay of execution of judgment. The request for a stay was denied.

We agree with the petitioner that it was entitled to a stay upon the filing of its notice of appeal. *Maricopa County v. Maricopa County Superior Court,* 15 Ariz.App. 149, 486 P.2d 829 (1971). We do not believe that the stay would be a futile act, as contended by real party in interest, citing *Rosenzweig v. Rodgers,* 42 Ariz. 57, 22 P. 2d 407 (1933). In *Rosenzweig* it was held that a judgment which had been completely executed cannot be superseded.

It would appear that this principle would apply here since the respondent court's order restoring the real party in interest's license was self-executing and therefore a stay would be ineffectual. However, that portion of the order is a nullity as the respondent court lacked authority to decree restoration. Upon review of a decision of the dentistry board, the superior court may

"[m]odify, affirm or reverse the decision in whole or in part." A.R.S. Sec. 12–911(5). The measure of the court's power is circumscribed by the statutory provision. *English v. City of Long Beach,* 35 Cal.2d 155, 217 P.2d 22 (1950); *State v. Carmody,* 53 N.M. 367, 208 P.2d 1073 (1949); 2 Am.Jur.2d Administrative Law Sec. 255 (1962).

Since the only portion of the superior court order which is viable is that portion reversing the Board's revocation of the license, the Board was entitled to a stay of execution of such order until the return of the mandate from the appeal.

The filing of this opinion shall constitute a mandate that the enforcement of the superior court judgment in Graham County Superior Court Cause # 8416 is stayed pending the determination of the appeal filed by the Arizona State Board of Dental Examiners.

HOWARD, C. J., and KRUCKER, J., concurring.