800 P.2d 54

**David J. BUCCIARELLI, Plaintiff/Appellant,**

v.

**The ARIZONA DEPARTMENT OF TRANSPORTATION, Defendant/Appellee.**

**No. 2 CA–CV 90–0085.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 25, 1990.

Chris J. Kimminau, Tucson, for plaintiff/appellant.

Robert K. Corbin, Atty. Gen. by Graham Alex Turner, Phoenix, for defendant/appellee.

## OPINION

ROLL, Presiding Judge.

David J. Bucciarelli appeals from an order of the trial court dismissing his complaint seeking review of an order of the Arizona Department of Transportation (ADOT) suspending Bucciarelli's driver's license. For the reasons set forth below, we vacate the trial court's order and remand for further proceedings consistent with this opinion.

## FACTS

On September 28, 1989, Bucciarelli was arrested for driving while under the influence of intoxicants (DUI). A breath test recorded a reading of .146 percent blood-alcohol content and ADOT promptly suspended his driver's license pursuant to A.R.S. § 28-694.

## PROCEDURAL HISTORY

Following the suspension of Bucciarelli's driver's license, Bucciarelli was asked to choose between summary review and a full hearing. On a form entitled "Administrative Per Se Implied Consent Affidavit," Bucciarelli indicated that he wished to have ADOT conduct summary review regarding suspension of his license. Following summary review, ADOT concluded that suspension was appropriate. Bucciarelli then filed a complaint seeking review in superior court of the administrative order. The trial court dismissed Bucciarelli's complaint with prejudice.

## ISSUES ON APPEAL

On appeal, Bucciarelli argues that he has been denied judicial review of ADOT's suspension of his license. Bucciarelli argues that (1) ADOT incorrectly asserts that no judicial review lies from adverse administrative summary review, and (2) the equal protection clauses of the Arizona and United States Constitutions require that judicial review be made available.

### Standard of Review

■ Whether Bucciarelli is entitled to appeal from an adverse summary review resulting in the suspension of his driver's license is a question of law, reviewed *de novo*. *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 114, 412 P.2d 47, 51 (1966); *Hughes v. Creighton*, 165 Ariz. 265, 267, 798 P.2d 403, 405 (App.1990).

### Whether Judicial Review of Suspension is Available

■ A.R.S. § 28-451 provides a right to seek judicial review of ADOT's suspension of a person's driver's license.[1] A.R.S. § 28-451 directs that judicial review be available as provided in Title 12, Chapter 7, article 6. That chapter and article of Title 12, entitled "Judicial Review of Administrative Decisions," states:

[Judicial review] applies to and governs every action to review judicially a final decision of an administrative agency except ... where the act creating or conferring power on an agency or a separate act provides for judicial review of the agency decisions and prescribes a definite procedure for the review.

A.R.S. § 12-902(A).

ADOT argues that Bucciarelli could have obtained the judicial review of ADOT's suspension had he merely requested that ADOT review his suspension by hearing rather than summary review. ADOT points out that the form on which Bucciarelli requested summary review states:

The decision made by the Executive Hearing Officer to uphold or cancel the Order of Suspension is final and no further review or petition will be allowed.

A.R.S. § 28-694 sets forth two distinct procedures available to an individual whose license has been suspended pursuant to A.R.S. § 28-694(A). A hearing may be re-

---

1. A.R.S. § 28-451. Right of appeal to court
    A person denied a license, or whose license has been cancelled, suspended or revoked by the department except where the cancellation or revocation is mandatory under the provisions of this chapter, shall have the right to seek judicial review of such action pursuant to title 12, chapter 7, article 6. The court shall expedite the disposition of appeals pursuant to this section.

quested pursuant to A.R.S. § 28–694(E). That hearing affords the complainant a number of procedural rights guaranteed pursuant to A.R.S. § 28–446, including the right to subpoena witnesses and present evidence. A far more expedited process with far fewer procedural safeguards is provided for under A.R.S. § 28–694(F). Under this provision, a person may obtain summary review of a suspension order. Review consists of ADOT inspecting "all reports submitted by the officer and any written explanation submitted by the person." *Id.* This provision states that "[t]he department shall not hold a hearing, and the review is not subject to Title 41, Chapter 6." *Id.* Title 41, Chapter 6 is the administrative procedure act for Arizona.

ADOT contends that by choosing summary review, Bucciarelli voluntarily waived his right to judicial review of ADOT's administrative decision. A.R.S. § 28–451, which guarantees an individual whose license has been suspended the right to obtain judicial review thereof, specifically provides for the application of A.R.S. § 12–901, *et seq.*, the Administrative Review Act. Obviously, a notation on ADOT's form indicating that an individual who selects summary review is entitled to "no further review" does not divest licensees of rights guaranteed by the legislature. A.R.S. § 12–910 provides for judicial review only when there has been a final administrative decision.[2] The summary review determination constituted a final administrative decision for purposes of A.R.S. § 12–910. Accordingly, we conclude that the legislature has provided for judicial review of ADOT's order of suspension, whether that order follows a full hearing or summary review.

*Form of Judicial Review*

■ Bucciarelli next argues that judicial review of the administrative summary review decision entitles him to a trial *de novo.* We disagree. Trial *de novo* is provided for in § 12–910(B) only where no hearing has been held by the agency or the administrative decisionmaker. The legislature clearly intended to provide trial *de novo* to the individual who has not had the opportunity to have a hearing and has been unable to develop a record for review. *See Calvert v. Farmers Ins. Co. of Arizona,* 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985). In this case, appellant had an opportunity for a hearing but waived it, opting instead for summary review. Given this waiver, it would be pointless for the legislature to have provided for an expedited procedure at the administrative level followed by a full trial in superior court. *See State v. Weible,* 142 Ariz. 113, 118, 688 P.2d 1005, 1010 (1984) ("pragmatic construction [of a statute] is required if technical construction would lead to absurdity"). Bucciarelli's suggested interpretation would transform the judicial proceeding from a review of the administrative decision to an adjudicatory procedure. We hold that where an individual whose driver's license has been suspended chooses summary review of the suspension, that individual is entitled to judicial review of the record considered by ADOT during the summary review. In conducting this judicial review, the trial court must review the written reports and other documents submitted to ADOT and determine whether ADOT's decision was illegal, arbitrary, capricious, or involved an abuse of discretion. *Schade v. Arizona State Retirement System,* 109 Ariz. 396, 398, 510 P.2d 42, 44 (1973); *Ethridge v.*

---

**2.** § 12–910. Scope of review

A. An action to review a final administrative decision shall be heard and determined with convenient speed. The hearing and determination shall extend to all questions of law and fact presented by the entire record before the court. No new or additional evidence in support of or in opposition to a finding, order, determination or decision of the administrative agency shall be heard by the court, except in the event of a trial de novo or in cases where in the discretion of the court justice demands the admission of such evidence.

B. The trial shall be de novo if trial de novo is demanded in the complaint or answer of a defendant other than the agency and if no hearing was held by the agency or the proceedings before the agency were not stenographically reported or mechanically recorded so that a transcript might be made. When a trial de novo is available under the provisions of this section, it may be had with a jury upon demand of any party.

**70**

*Arizona State Board of Nursing,* 165 Ariz. 97, 100, 796 P.2d 899, 902 (App.1989).

### *Equal Protection*

Bucciarelli next argues that the equal protection clauses of the Arizona and United States Constitutions require that judicial review of administrative decisions regarding license suspensions be available. We need not address this issue, however, in light of our holding that A.R.S. § 28–451 entitles Bucciarelli to judicial review of ADOT's summary review of his license revocation.

### CONCLUSION

For the reasons set forth above, we remand this matter to the trial court for judicial review of ADOT's decision.

FERNANDEZ, C.J., and HATHAWAY, J., concur.