862 P.2d 903

**Lynn M. FERENCE, By and Through Her Natural Parents and Court Appointed Guardians, Dorothy FERENCE and Paul Ference, Plaintiffs–Appellants,**

v.

**Leonard J. KIRSCHNER, M.D., M.P.H., Director, Arizona Health Care Cost Containment System (Arizona Long–Term Care System), Defendants–Appellees.**

No. 1 CA–CV 91–0509.

Court of Appeals of Arizona,
Division 1, Department E.

Oct. 14, 1993.

Fogel and Lamber by Dennis M. Lamber, Phoenix, for plaintiffs-appellants.

Johnston Maynard Grant & Parker by Jeffrey C. Brodin, Phoenix, for defendants-appellees.

## OPINION

KLEINSCHMIDT, Judge.

The Appellant is a mentally disabled adult who, through her parental guardians, applied for benefits from the Arizona Long–Term Care System ("ALTCS"), which is administered by the Arizona Health Care Cost Containment System ("AHCCCS"). A preadmission screening (PAS) of the Appellant's eligibility for ALTCS was conducted by an ALTCS social worker. The PAS assessment is designed to determine the skills and needs of the applicant. The social worker gave the Appellant a score of 15.3 on the PAS assessment, and because the Appellant did not attain the eligibility threshold score of 18, the social worker submitted the PAS assessment to a doctor for a physician review. The doctor found no way to increase the Appellant's score to 18, and he made a determination that she was not eligible for benefits.

The Appellant sought administrative review of this decision. A formal hearing was held before a hearing officer who concluded that the PAS assessment had been improperly conducted and scored and that the subsequent physician review process had been inaccurate. The hearing officer concluded from the evidence that Appellant's proper score from the PAS assessment was over 18 and thus high enough to qualify the Appellant for benefits. He, therefore, recommended that the agency Director find the Appellant eligible for ALTCS benefits.

The Director entered a decision in relevant part as follows:

IT IS ORDERED that the findings of fact, conclusions of law, and Recommended Decision dated November 16, 1990, by the AHCCCS Hearing Officer in this matter are supported by substantial evidence and are therefore adopted as part of this Decision except for those findings of fact and conclusions of law which are not consistent with this Decision.

IT IS FURTHER ORDERED that the Appellant's PAS evaluation was not properly conducted by the Arizona Long Term Care System Social Worker, and the resulting PAS score and comments were inadequate.

The physician review process, to the extent that it relied on the erroneous PAS score and comments, was also inaccurate.

The fact that the physician review process in this matter was deficient does not diminish its importance in establishing whether the Appellant was at risk of institutionalization. Nor does it justify making a determination of Arizona Long Term Care System eligibility or ineligibility using the PAS score alone. Accordingly, the Arizona Long Term Care System shall conduct a pre-admission screening assessment including a physician review of Appellant's condition, no later than 30 days from the date of this Decision, to establish whether Appellant meets criteria for Arizona Long Term Care System eligibility. If Appellant meets the pre-admission screening eligibility criteria, ALTCS benefits shall be approved effective September 1, 1989.

Upon considering the Appellant's request for rehearing, the Director confirmed his decision. In so doing, he stated in relevant part:

The Director's Decision also clearly sets forth the inappropriateness of determining an applicant's eligibility solely on the basis of the score obtained on the pre-admission screening instrument. A.R.S. section 36–2936(A) authorizes the Director of the AHCCCS Administration to establish a "preadmission screening program." A.R.S. section 36–2936(C) provides that the pre-admission screening team consisting of a registered nurse or a social worker "shall have a physician ... available for consultation." Therefore, by statute, the determination of an applicant's eligibility for services

through the Arizona Long Term Care System is to be based on the totality of the pre-admission screening program, including physician review, not merely on the pre-admission screening instrument score.

In her Complaint for judicial review, the Appellant sought reversal of the Director's decision to the extent it rejected the hearing officer's determination of eligibility. The trial court upheld the Director's decision, and the Appellant filed this appeal.

The legislature, pursuant to Ariz.Rev. Stat.Ann. ("A.R.S.") section 36–2932(L)(1) (Supp.1992), delegated to the Director of AHCCCS the duty to establish a grievance procedure for persons dissatisfied with the department's eligibility rulings. The Director adopted Ariz.Com.Admin.R. & Reg. ("A.C.A.R.R.") R9–28–801(K), which provides that the hearing officer's written findings of fact and conclusions of law regarding eligibility are only a recommendation to the Director. The power to make the final decision resides in the Director, who must also make written findings of fact and conclusions of law. A.C.A.R.R. R9–28–801(L)(1). The Director is expressly empowered to remand a case for a new eligibility hearing. A.C.A.R.R. R9–28–801(L)(2).

■ In this case, the Director accepted all of the hearing officer's findings and conclusions. The language in the Director's decision about accepting the hearing officer's findings except insofar as they are inconsistent with the decision appears to be surplusage, since the Director disagreed with nothing the hearing officer found. The only way in which the Director's decision differed from the hearing officer's was in the conclusion of law that a finding of eligibility cannot be based on the PAS score alone, but must also include a physician's finding that the applicant is eligible. This was incorrect.

■ The Director apparently based his decision on A.C.A.R.R. R9–28–301(E), which provides that in addition to a preadmission screening, a physician, nurse practitioner, or clinical nurse specialist must certify that an applicant needs long-term care before the applicant can be ruled eligible for benefits. All the statute requires, however, is that the persons making eligibility decisions have access to a physician for consultation. A.R.S. § 36–2936(C). Here, the hearing officer was able to determine that the Appellant was entitled to benefits without the need for physician review. Had the Director disagreed with that conclusion in this particular case, he could have said so and explained in writing why he disagreed. Instead, the essence of what the Director did was to find as a matter of law that a physician review is required in every case, and in doing so, he impermissibly engrafted a new requirement onto the statute. Administrative rules must be in accord with the statutes pursuant to which they are adopted. *Grove v. Arizona Criminal Intelligence System Agency*, 143 Ariz. 166, 169, 692 P.2d 1015, 1018 (App.1984). We are aware of no authority which would permit the Director to do what he did.

■ As a final matter, the Director, citing *State Bd. of Dental Examiners v. Superior Court*, 24 Ariz.App. 553, 540 P.2d 172 (1975), argues that even if we find that he erred, under the provisions of A.R.S. section 12–911(A)(5), we can only modify, affirm or reverse the Director's decision, and this does not include the authority to enter an eligibility determination ourselves. In *State Bd. of Dental Examiners*, the trial court found that a dentist's license had been revoked pursuant to a hearing that did not comport with due process. *Id.* at 554, 540 P.2d at 173. It reversed the dental board's revocation and ordered the license reinstated. *Id.* The court of appeals, in ruling on whether the board was entitled to a stay of the trial court's order pending appeal, observed that the trial court had no authority to reinstate the license. *Id.*

The case before us is very different from *State Bd. of Dental Examiners*. Here, every step in the eligibility determination has been completed and, subtracting the Director's error of law, findings and conclusions establishing eligibility have been

made. Given the posture of the case, it would be an abuse of discretion for the Director to enter any order other than that finding the Appellant eligible for benefits. For that reason, the relief requested by the Appellant is granted, and this matter is remanded to the superior court with directions to instruct the Director to enter a determination of eligibility.

CLABORNE, P.J., and NOYES, J., concur.