23 P.3d 90

**Joseph C. PINEDO, Plaintiff/Appellee,**

v.

**THE ARIZONA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Defendant/Appellant.**

No. 2 CA–CV 00–0016.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 19, 2000.

Redesignated as Opinion and Publication Ordered, May 23, 2001.

Dan W. Montgomery, Tucson, for Plaintiff/Appellee.

Janet Napolitano, Arizona Attorney General, By Peter C. Gulatto, Phoenix, for Defendant/Appellant.

## OPINION

FLÓREZ, J.

¶ 1 After an administrative hearing to suspend Joseph C. Pinedo's driver's license, the administrative law judge (ALJ) determined that a police officer had reasonable grounds to believe that Pinedo had been driving or was in control of a motor vehicle while intoxicated (DUI) and that he had a blood alcohol concentration of .10 or more. The ALJ suspended Pinedo's driver's license, and Pinedo then filed a petition in superior court to review his license suspension. The superior court determined that the officer did not have a "reasonable suspicion of criminal activity" sufficient to justify detaining and questioning Pinedo. Consequently, the superior court reversed the ALJ's suspension of Pinedo's license. The state appeals.

¶ 2 At the administrative hearing Pinedo's counsel stipulated to all of the requirements under A.R.S. § 28–1385(I) for revocation of his driver's license. This statute provides in pertinent part:

> For the purposes of this section, the scope of the hearing shall include only the following issues:
>
> 1. Whether the officer had reasonable grounds to believe the person was driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor.
>
> 2. Whether the person was placed under arrest for a violation of § 4–244, paragraph 34, § 28–1381, § 28–1382 or § 28–1383.
>
> 3. Whether a test was taken, the results of which indicated the alcohol concentration in the person's blood or breath at the time the test was administered of . . .:
>
> (a) 0.10 or more. . . .

Pinedo's counsel also stated that the only issue for the ALJ to determine was the legality of the "initial contact and detention." On appeal to the superior court, Pinedo clarified that the issue he contested was whether there was "reasonable suspicion supported

by articulable facts" that Pinedo was engaged or about to engage in criminal activity and whether there was a lawful *Terry* stop. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *see also State v. Acosta*, 166 Ariz. 254, 801 P.2d 489 (App.1990).

¶ 3 We decide this appeal on a basis that was neither addressed by the parties nor considered by either the ALJ or the superior court. The dispositive issue is a question of law which we examine de novo. *See Bucciarelli v. Arizona Dep't of Transp.*, 166 Ariz. 67, 800 P.2d 54 (App.1990) (question of law whether driver entitled to appeal from adverse summary review of driver's license suspension).

¶ 4 The state contended in superior court that the police officer had reasonable grounds to detain and question Pinedo, and the parties have addressed only this issue in their briefs on appeal. At the beginning of the administrative hearing, the ALJ correctly recited the elements of § 28–1385(I) that govern the "scope of the hearing." However, the ALJ exceeded the limited scope of his authority under § 28–1385(I) by considering the constitutionality of the stop and finding that "[s]ufficient articulable facts ha[d] been presented to justify the Officer contacting [Pinedo] and initiating this DUI investigation." If a statute authorizing the suspension of a driver's license limits the scope of the issues to be considered in a license suspension proceeding, and the statute does not provide for a determination of whether an officer had "legal grounds for the underlying initial stop," a driver's license may be suspended without consideration of this issue. *Fishbein v. Kozlowski*, 252 Conn. 38, 743 A.2d 1110, 1115 (1999); *see also Riche v. Director of Revenue*, 987 S.W.2d 331 (Mo. 1999) (state and federal constitutions do not require application of exclusionary rule in driver's license suspension proceedings and do not require probable or reasonable cause to stop to suspend license).

¶ 5 Although we have found no Arizona cases discussing the limited scope of the issues to be considered in an administrative proceeding under A.R.S. § 28–1385(I), in analogous cases under the implied consent statute, former A.R.S. § 28–691, now § 28–

1321, the courts of this state have noted the distinction between criminal proceedings and civil administrative driver's license suspension proceedings. Our supreme court noted in *Sherrill v. Department of Transportation*, 165 Ariz. 495, 498, 799 P.2d 836, 839 (1990), that generally "[t]he civil suspension proceeding for refusing to submit to the test is separate from and unrelated to the criminal prosecution for DUI." And, in *Owen v. Creedon*, 170 Ariz. 511, 513, 826 P.2d 808, 810 (App.1992), this court observed that in a license suspension proceeding based on a driver's refusal to submit to a breath test, the issues are limited. We held: "In a civil license suspension proceeding ... [t]here is no requirement under the implied consent statute that the arrest be a valid arrest or that [the driver] be convicted for the offense." Similarly, the ALJ's finding as to the propriety of the stop was beyond the limited scope of the issues in this civil administrative proceeding; that finding was surplusage and not relevant to the determination that the statutory requirements for suspension had been met. *Cf. Ference v. Kirschner*, 176 Ariz. 530, 532, 862 P.2d 903, 905 (App.1993) (agency director "impermissibly engrafted a new requirement [for eligibility for long-term care benefits] onto the statute").

¶ 6 The superior court compounded the ALJ's error when it, too, considered the lawfulness of the stop, reversed the ALJ, and found that "the officer's decision to stop and detain [Pinedo] was based on nothing other than an unparticularized hunch ... [and that] all evidence subsequently received after this stop which led to [Pinedo's] arrest cannot be considered." These findings were beyond the scope of the issues to be considered in the license suspension proceeding, and beyond the scope of the superior court's review of the ALJ's decision and order.

¶ 7 The superior court's order is reversed and the ALJ's order reinstated.

BRAMMER, Jr., P.J. and PELANDER, J., concurring.